**Lella May DUNCAN, Respondent,**

**v.**

**Zella Florence PINKSTON, Appellant.**

**No. 47961.**

Supreme Court of Missouri,

Division No. 2.

Dec. 12, 1960.

Roberts & Roberts, J. Richard Roberts, Farmington, for appellant.

David L. Colson, Farmington, for respondent.

STORCKMAN, Judge.

This is an action for personal injuries alleged to have been received by the plaintiff as a result of a collision between automobiles being operated by the plaintiff and the defendant on U. S. Highway 67 near its intersection with Highway V in Jefferson County. The trial before a jury resulted in a verdict and judgment in favor of the plaintiff for $22,500. On appeal the defendant assigns error in the admission of evidence, the making of prejudicial comments by the court in the presence of the jury, the giving of an instruction on permanent injuries not supported by the evidence, prejudicial jury argument and excessiveness of the verdict.

The plaintiff was driving her automobile south on Highway 67 which is concrete paved and about 24 feet in width at the place in question. The plaintiff's automobile was sixth or seventh from the leading vehicle in a funeral procession en route from Crystal City to Fredericktown. The defendant was driving her automobile northwardly in the eastern half of the two-lane pavement.

Another automobile, driven by a Mr. Snead, was also traveling northwardly on Highway 67 in front of defendant's automobile. The evidence tended to show that the Snead automobile slowed or stopped in the northbound lane to make a left-hand turn. The testimony of the defendant was

to the effect that the Snead automobile stopped or slowed suddenly in front of her; that she had no notice of the driver's intention to do so until she saw the brake lights of the automobile come on; that the Snead automobile did not have any signal light for a left turn operating; that she applied her brakes but was unable to stop and collided with the plaintiff's automobile. The defendant at times contended that she did not leave her lane of traffic, but her testimony in this regard is not clear. One or perhaps two other automobiles were involved in the collision, but their participation is not important on this appeal.

On the other hand, the plaintiff and several of her witnesses testified that the warning light for a left turn was operating on the Snead automobile; that the defendant's automobile crossed the center line and came into the path of plaintiff's automobile; and that the point of collision between the cars of the plaintiff and the defendant was in the southbound lane. As a result of the collision, plaintiff's automobile overturned and she was rendered unconscious.

The plaintiff was first taken to the Bonne Terre Hospital and later to the Firmin Desloge Hospital in St. Louis. Upon admission to the hospital, the plaintiff was confused; she had bruises all over her body and complained of pain in her leg and lower back. Within a few days after admission to the hospital and at the time of the trial, plaintiff's complaints as to injuries were limited to her upper back. The medical evidence on behalf of the plaintiff tended to prove that at the time of the trial she had a compression of the fifth dorsal vertebra; that this condition would produce a great deal of pain and was permanent. Her doctor testified that he could not tell with medical certainty if the injury to the vertebra was caused by the accident in question, and further that he could not say with medical certainty that the injury was not the result of the accident. The plaintiff testified that she had not had any pain in her upper back prior to the accident. The medical evidence on behalf of the defendant tended to prove that whatever pain the plaintiff was suffering at the time of trial was due to arthritis, that she had compressions of the third, fourth and fifth vertebrae, but the medical witness could not say what caused it. Other evidence will be referred to in the course of the opinion.

The first assignment of error to be considered is the allegation that the trial court made comments in the presence of the jury prejudicial to the defendant in that the court refused to allow defendant's counsel to complete an objection, ordered him to be seated and branded as a falsehood a statement made by him. The episode on which this assignment is based occurred during the cross-examination of the defendant and is as follows:

"Q. [By plaintiff's counsel] Now, I'm saying, in fact, you attempted to pass that automobile when you saw that you couldn't stop behind it you tried to pass it on the left? A. Why, no.

"By Mr. Roberts: [defendant's counsel] Just a minute, Your Honor. Wait a minute, Your Honor. I'm going to—

"By the Court: She's already answered.

"By Mr. Roberts: Your Honor, I'm going to object to Mr. Colson saying that he's stating, in fact, that's what happened. Now, if he wants to ask this witness what happened—

"By the Court: Colonel, she's answered in the negative. Your objection's overruled. If she had answered in the positive or had not answered the objection would have been well taken. But, she's answered in the negative and it negatives the question.

"By Mr. Roberts: That isn't my— my objection goes to the fact that—

"By the Court: *Well, I ruled Colonel, please sit down.*

"By Mr. Roberts: Please—

"By the Court: *Please sit down now. Let's go on with this case. Now, we're not going to stand here and argue.*

"By Mr. Roberts: Your Honor—

"By the Court: *Will you please be seated.*

"By Mr. Roberts: Your Honor, I have—

"By the Court: *Sit down, Raymond, take a seat.*

"By Mr. Roberts: Let the record show—

"By the Court: *Sit down. Make your record from your seat if you please, sir.*

"*By the Sheriff: Raymond, sit down.*

"By Mr. Roberts: All right, sir. I have a perfect right, Your Honor—

"By the Court: You make your objection to the record if you please.

"By Mr. Roberts: I want to now make it. My objection is that counsel made the statement that he—

"By the Court: Make it in the offer—you made the objection now, let's not have it repeated. What is it you want in the record at this time?

"By Mr. Roberts: That's what I'm trying to say, Your Honor.

"By the Court: You've got it in the record. I've ruled. Now, what do you want to object to?

"By Mr. Roberts: I want to object to counsel making a statement to the jury—

"By the Court: That is repetitious. The Court has ruled on that twice.

"By Mr. Roberts: Let the record show that I have tried to make a record here and that the Court has prevented me from so making the record which I desire to make.

"By the Court: *That is a falsehood.* Proceed." Italics supplied.

The plaintiff cites the cases of Tuck v. Springfield Traction Co., 140 Mo.App. 335, 124 S.W. 1079, 1081, and Blyston-Spencer v. United Rys. Co. of St. Louis, 152 Mo. App. 118, 132 S.W. 1175, 1183, in support of the rule that it is the duty of the trial court to preserve order in the courtroom and require that attorneys by their behavior should show a decent respect for the court, for opposing counsel and for the parties litigant as well as witnesses. The duty of a court in this regard is fundamental, but in each of the cases cited the error complained of was that the trial court had failed to restrain improper remarks and conduct of counsel. The personal conduct and comments of the court were not involved so the cases are not particularly helpful.

 The plaintiff also contends that the remarks of the court were provoked by defendant's counsel and should therefore not be considered prejudicial. Cromeens v. Sovereign Camp, W.O.W., Mo. App., 247 S.W. 1033. There appears to be a reasonable basis for defendant's objection to the form of the question. The purported interrogation which provoked this exchange is in form a statement or assertion by plaintiff's counsel rather than a question. An affirmative statement by counsel for a party might have a standing that would not be fully disposed of by the denial of the witness. "The interrogation of a witness should ordinarily proceed by way of questions, not statements or assertions." 98 C.J.S. Witnesses § 328, p. 31. See also Lonnecker v. Borris, Mo., 245 S.W.2d 53, 56 [4]. Nevertheless, the right

of counsel to make an objection and specify the grounds therefor does not depend upon the trial court's estimate of its merit. It was not only the right but the duty of defendant's counsel to make "known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor". Supreme Court Rule 79.01, V.A.M.R.; § 510.210 RSMo 1949, V.A.M.S. If necessary for the purpose of a fair trial and orderly procedure, the court could have required counsel to make his record out of the hearing of the jury.

 The proper conduct, actions and demeanor of a judge is stated generally in 88 C.J.S. Trial § 51, p. 137, as follows: "The judge presiding at the trial of an action should at all times maintain an impartial attitude in his conduct and demeanor and a status of neutrality between the contending parties, and should exercise a high degree of patience and forbearance with counsel and witnesses. Improper conduct on the part of the judge is incompatible with a fair and impartial trial. It is as improper for the judge, by act, conduct, gesture, or demeanor, as by remarks or comments * * * to indicate any opinion on an issue of fact, the merits of the case, the credibility of a witness, the weight or sufficiency of the evidence, or the extent of the damages sued for. Likewise, he should not adopt or exhibit a hostile attitude toward a party or his counsel, or a witness, or otherwise so treat counsel as to prejudice the interests of his client, nor should he, by his manner or conduct, show bias or prejudice toward or against either party, or do anything calculated to influence the jury in reaching their verdict." Improper acts and comments of a trial court and their effect upon a party's right to a fair trial have been thoroughly and well considered in these cases: State v. Montgomery, 363 Mo. 459, 251 S.W.2d 654, 657 [3]; Harms v. Simkin, Mo.App., 322 S.W.2d 930, 938 [9]; and Fleetwood v. Milwaukee Mechanics Ins. Co., Mo.App., 220 S.W.2d 614, 618 [8]. The concept of correct judicial behavior expressed in these cases is necessarily in accord with the general rule above stated and need not be repeated here. The Canons of Judicial Ethics, adopted by the Judicial Conference of Missouri, June 15, 1951, in paragraph 2, stresses that a judge should be patient and impartial. Paragraph 3 asserts that he should be courteous to counsel and: "During the progress of a trial, he should be careful that his utterances, tone of voice or general attitude should not create even a suspicion of unfairness, but he may properly intervene to prevent waste of time, restrain improper conduct of counsel or others, and generally aid in the ascertainment of truth."

In State v. Montgomery, supra, the trial court, in the course of his remarks, ordered defense counsel to sit in his chair. Here the admonition was repeated several times by the court and joined in by the sheriff. In Fleetwood v. Milwaukee Mechanics Ins. Co., supra, the opinion states, among other things, that the remarks of the trial court in the presence of the jury showed that it doubted the word of the defendant's attorney. In the present case the forthright charge of falsehood left no room for doubt. In the Montgomery, Fleetwood and Harms cases, the remarks of the trial court were held to have prevented a fair trial and to constitute reversible error.

 Trial courts are sometimes exposed to great provocation but that does not serve to justify acts and utterances that defeat the right of a party to a fair trial. Courts have effective means for dealing with counsel deemed to be obstreperous without inflicting unnecessary damage on the client's cause. We are constrained to hold that the remarks of the trial court were prejudicial and constituted reversible error.

 The defendant also complains of comments made by the trial court regarding X-ray pictures and hospital records.

During examination of plaintiff's doctor and in connection with the marking of certain exhibits, the suggestion of defendant's counsel that all of the hospital records be introduced in evidence met with this retort: "BY THE COURT: I'm not going to clutter up this record with all those negatives. They don't shed any light on this case. You can have them marked but I'm not going to admit them in evidence, any of those knees, shoulder and rib negatives. They don't throw any light on the subject." Ordinarily it is improper for a trial court to express in the presence of the jury an opinion upon the weight and sufficiency of evidence admitted or that a party proposes to offer. 88 C.J.S. Trial § 50d, p. 135. A conventional ruling at the time the evidence is offered or a private admonition to the counsel will serve to prevent unduly encumbering the record.

■ A member of the Missouri Highway Patrol, not an eyewitness to the collision, was permitted to state his opinion based on the location of debris that the point of impact was west of the center line of the highway in the southbound lane of travel. Such evidence has been held to be improper as not being a proper subject of expert or opinion evidence and as invading the province of the jury. Hamre v. Conger, 357 Mo. 497, 209 S.W.2d 242, 249 [10]; Chester v. Shockley, Mo., 304 S.W.2d 831, 834 [1]. But the plaintiff contends that this evidence as to the point of impact was cumulative of other evidence properly admitted and that defendant's objection was too general to preserve the question for review. Ordinarily such testimony is not rendered harmless because it is cumulative of other evidence properly admitted. Chester v. Shockley, Mo., 304 S.W.2d 831, 835 [6]. We need not determine if the admission of the testimony was prejudicial in the circumstances of this case since the error can be avoided on retrial.

It would serve no useful purpose to consider the remaining matters alleged to be erroneous since they are of a nature that need not and are not likely to recur at another trial.

The judgment is reversed and the cause remanded.

All concur.