Donald HOPKINS, d/b/a Quad County Contracting, Plaintiff-Respondent,

v.

GOOSE CREEK LAND COMPANY, INC., Defendant-Appellant.

No. 47068.

Missouri Court of Appeals, Eastern District, Division One.

May 22, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 9, 1984.

Dana Hockensmith, Phillip Pitts, Hillsboro, for defendant-appellant.

Stanley D. Schnaare, Hillsboro, for plaintiff-respondent.

SNYDER, Presiding Judge.

Defendant Goose Creek Land Company, Inc. appeals from a jury verdict and judgment in favor of plaintiff Donald Hopkins, d/b/a Quad County Contracting, for $15,000.00. Appellant raises eight points of error, five of which challenge Instruction No. 5, the verdict director, and two of which challenge Instruction No. 6 on damages. It also alleges error in the trial court's denial of its motion for a directed verdict based on the statute of limitations. The judgment is affirmed.

The parties entered into an agreement in January, 1976. Hopkins was to perform work at a dam construction project. There was a rock quarry and a rock crusher at the site. Hopkins agreed to furnish certain pieces of equipment for weekly or daily rates and to act as foreman on the job for an additional $300 per week. Plaintiff furnished the equipment and performed the agreed services from March or April to June or July, 1976.

There is disagreement between the parties on the exact terms of the contract, the extent of Hopkins's performance, and the amounts paid to Hopkins by Goose Creek. There was detailed, and sometimes confusing, evidence, both documentary and parol. There were questions of credibility. The fact issues were resolved by the jury in favor of Hopkins, however, and Goose Creek has not argued that the verdict was against the weight of the evidence.

Goose Creek raises five points of error directed to Instruction No. 5, the verdict director, which was a modified version of MAI 26.06 on breach of a bilateral contract. Goose Creek contends:

1. The applicable instruction was MAI 26.03, the action on account verdict director instead of MAI 26.06.

2. Instruction No. 5 did not include all of the facts necessary to a finding in favor of plaintiff.

3. Instruction No. 5 referred to the defendant as "Goose Creek Land Company, Inc." thus emphasizing the corporate status of defendant.

4. Instruction No. 5 contained evidentiary facts.

5. Instruction No. 5 failed to limit plaintiff's right to reimbursement to parts and supplies used on behalf of defendant.

All of the points raised are denied.

Instruction No. 5 reads:

## INSTRUCTION NO. 5

Your verdict must be for Plaintiff if you believe:

First, Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to furnish GOOSE CREEK LAND COMPANY, INC. a maintenance truck with tools at $50.00 per week, hy-lift at $600.00 per week, backhoe at $600.00 per week, welder and torches at $35.00 per week, International dump truck at $375.00 per week, Tardem float at $50.00 per day, a night watchman at $10.00 per night, Plaintiff's personal services for $300.00 per week and additionally that he would be reimbursed by GOOSE CREEK LAND COMPANY, INC. for parts used on equipment, diesel fuel, gas fuel, cup grease, hydraulic oil and motor oil, and Defendant agreed to pay for those items at those stated rates, and

Second, Plaintiff performed his agreement, and

Third, Defendant failed to perform his agreement, and

Fourth, Plaintiff was thereby damaged.

■■■ Instructions to a jury must be supported by evidence from which the jury could reasonably determine the issues submitted in the instructions. *Baker v. Brinker,* 585 S.W.2d 256, 258[1, 2] (Mo.App.1979); *Dickey Co., Inc. v. Kanan,* 537 S.W.2d 430, 434[7] (Mo.App.1976). In determining the propriety of an instruction, evidence must be viewed in the light most favorable to the submission of the instruction, and a party is entitled to an instruction upon any theory supported by the evidence. *Carter v. Boys' Club of Greater Kansas City,* 552 S.W.2d 327, 333[12] (Mo.App.1977).

Goose Creek complains that it was error to instruct the jury on breach of contract, that the applicable instruction was MAI 26.03, the verdict director for an action on account. Not so.

■■■ There was ample evidence, when it is viewed in the light most favorable to the submission, to support the giving of the breach of contract verdict director. Both parties testified to the existence of an agreement for the performance of services and the providing of equipment for use in

doing Goose Creek's work, and the entire trial was based on a contract action.

◼ Goose Creek next argues that Instruction No. 5 should have required the jury to find specifically that defendant used Hopkins's equipment and that Hopkins provided services for the periods of time claimed by him in the evidence. There was evidence of a contract for the use of the equipment and the providing of services, although there were factual disputes.

The second paragraph of the instruction required the jury to find that plaintiff performed his agreement. The jury resolved the factual dispute in favor of Hopkins. Because the agreement is set out in detail in the first paragraph, a finding in favor of Hopkins on the second paragraph necessarily implies that he furnished the goods and services to Goose Creek and that the services were performed for a specific period of time.

Goose Creek continues its assault upon Instruction No. 5 by claiming that the instruction was erroneously modified to heighten the corporate status of defendant. Rather than referring to Goose Creek as, "defendant," the verdict director twice refers to it as "GOOSE CREEK LAND COMPANY, INC."

◼ The verdict director does deviate from MAI 26.06 because MAI 26.06 nowhere makes provision for referring to either party by name. Deviation from an applicable MAI is presumed prejudicial error. *Van Dyke v. Major Tractor & Equipment Co., Inc.*, 557 S.W.2d 11, 13[1] (Mo. App.1977).

◼ Referring to a defendant by name, but to a plaintiff without naming him may not be prejudicial error, however. See *Newsom v. Crockett*, 453 S.W.2d 674, 677[3] (Mo.App.1970). A verdict director which referred to "defendant corporation" rather than simply "defendant" was held not prejudicial because the jury was not told anything that it did not already know. *Boll v. Spring Lake Park, Inc.*, 358 S.W.2d 859, 866–867 (Mo.1962). Here, too, the reference to defendant's name and corporate status, while unfortunate, was not prejudicial. The jury already knew defendant's name. Moreover, contrary to defendant's assertions, plaintiff did not emphasize defendant's corporate status or argue to the jury that defendant was a "deep pocket."

Goose Creek again asserts error in the submission of Instruction No. 5 because it sets forth evidentiary facts rather than ultimate issues by listing the various rates charged by Hopkins.

◼ This court need not discuss whether the specific rates of pay included in the verdict director were evidentiary facts. Most of them were not in dispute. Even if the inclusion of the rates of pay was error, it was not prejudicial to Goose Creek. If the rates of pay had been eliminated, Hopkins would have had the burden of establishing only an agreement to furnish certain services. The instruction as written, however, puts a greater burden on Hopkins because he must prove not only an agreement to furnish the specified services, but also the rates of pay.

◼ Goose Creek's final assault on Instruction No. 5 alleges that the instruction is confusing and indefinite because the instruction does not limit Hopkins's right to reimbursement to parts purchased for Goose Creek's equipment and to supplies purchased on behalf of Goose Creek.

There is evidence that Hopkins used motor oil, hydraulic oil, cup grease, gas and diesel fuel for his own equipment while he was employing the equipment for lot owners rather than for Goose Creek.

Instruction No. 5, however, required a finding that plaintiff performed his agreement and defendant failed to perform. The quantities of parts, fuel, grease, and oil supplied by Hopkins for Goose Creek was a disputed fact issue relating to Hopkins's performance which the jury decided in Hopkins's favor. The submission of Instruction No. 5 was not prejudicially erroneous in any respect.

◼ Goose Creek next contends that the trial court erred in submitting Instruction No. 6, because the applicable damage instruction was MAI 4.04. The contention is without merit.

Instruction No. 6 reads:

## INSTRUCTION NO. 6

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any damages you believe he sustained as a direct result of the breach of contract mentioned in the evidence.

Instruction No. 6 is MAI 4.01 modified according to paragraph 3 under the notes on use to MAI 4.01. The use of MAI 4.01 in actions for breach of contract is authorized until a more detailed damage instruction is approved. *Boten v. Brecklein*, 452 S.W.2d 86, 93[11–13] (Mo.1970). Because a more detailed instruction has not been approved, the appropriate damage instruction was MAI 4.01 as modified in Instruction No. 6.

■ Goose Creek also argues that Instruction 6 was erroneously modified by substituting "breach of contract" for "occurrence." Regardless of whether this substitution was error, it was not prejudicial to Goose Creek. Hopkins's verdict director was a breach of contract verdict director and the whole case revolved around whether Goose Creek breached its contract. In the context of this case the substitution of the phrase "breach of contract" for occurrence was innocuous. It was not error to submit Instruction No. 6.

■ In its final point relied on, Goose Creek contends that the present action is barred by the statute of limitations. The lawsuit was filed on May 18, 1981. The statute of limitations bars lawsuits based upon oral contracts after five years. § 516.120 RSMo. 1978.

Hopkins's Exhibit 1 indicates that some of the night watchman services for which Hopkins seeks payment occurred before May 18, 1976. Other compensable items are listed as having occurred after May 18, 1976. Still other items are not given any specific date. The exhibit also states that the "date of billing" was July 24, 1976. Goose Creek adduced some evidence that some of the services might have been rendered before May 18, 1976, but this evidence was far from clear and was not beyond dispute.

Thus, evidence can be marshalled in support or in contradiction of Goose Creek's statute of limitations defense. One may argue that the events occurring before May 18, 1976 are barred by the statute of limitations or one may argue that the contract was not breached until July 24, 1976 when demand for payment was made. It was unclear from the evidence which events, if any, occurred before May 18, 1976.

Because contradictory conclusions may be drawn from the evidence, the running of the statute of limitations was a jury question. Defendant offered no instruction on this affirmative defense. "Failure to request such an instruction constitutes an abandonment of that affirmative defense even though the statute of limitations is affirmatively pleaded." *Yeager v. Wittels*, 517 S.W.2d 457, 465–466[11] (Mo.App.1974). The last point is denied.

The judgment is affirmed.

STEWART and PUDLOWSKI, JJ., concur.