Patrick HERNDON, a minor, etc. and Marie Herndon, Plaintiff-Appellant,

v.

Winton A. ALBERT and Robert Pittman, Defendant-Respondent.

No. 50463.

Missouri Court of Appeals, Eastern District, Division Two.

July 15, 1986.

David C. Godfrey, Private Atty., Clayton, for plaintiff-appellant.

Charles E. Foehner, Private Atty., St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

Plaintiff-Appellant, Patrick Herndon, sued the defendant-respondents, Winton Albert and Robert Pittman, for damages resulting from a motor vehicle accident. The jury verdict was in favor of both defendants and against the plaintiff. The jury found against plaintiff on defendant Albert's counter-claim and awarded defendant Albert $23,000. We affirm.

Plaintiff appeals claiming (1) the trial court erred in denying plaintiff's motion for a mistrial, and (2) the trial court erred in giving instructions on plaintiff's negligence.

This case involves a motor vehicle accident which occurred on March 22, 1983. The plaintiff brought a negligence action against both defendants on personal injuries sustained in the accident. Shelter Mutual is the insurance carrier for both the plaintiff, Patrick Herndon, and the defendant, Robert Pittman.

Shortly before trial, defendant Pittman sought to obtain a statement from a witness whose name had been supplied by the plaintiff during pretrial discovery. Defendant Pittman contacted Ed Knoll, a representative of Shelter Mutual, to secure the statement. Ed Knoll contacted the witness and, claiming to be the insurance adjuster for the plaintiff, obtained a statement about the accident. This statement was then turned over to defendant Pittman. Defendant Pittman revealed the statement and its contents to defendant Albert, but not to the plaintiff.

At trial, the defendants used the statement obtained by Ed Knoll to impeach the witness on cross-examination. After the witness was dismissed, the plaintiff's attorneys and the defendants' attorneys argued at the bench about the propriety of the use of the statement. The court then called a recess until the following morning. The next morning, before bringing in the jury, an in-chambers conference was held. The plaintiff moved for mistrial. The motion was denied. Instead, the court instructed the jury to disregard the statement and all testimony regarding the statement.

The plaintiff claims that since the statement was obtained through misrepresentation and deceit on the part of the defendant's insurer, it was improper to allow the defendant to use the statement on cross-examination. In a civil matter, however, the manner in which evidence is obtained will not affect its admissibility. *Platter v. Mullins Construction Co.*, 223 Mo.App. 650, 17 S.W.2d 658, 668 (1929). The court will not concern itself with the method by which a party obtains evidence which it uses to support its contentions. *Diener v. Mid-American Coaches, Inc.*, 378 S.W.2d 509, 511 (Mo.1964). Absent "constitutional or statutory restrictions, evidence which is otherwise admissible will not be excluded because it has been obtained fraudulently, wrongfully, or illegally." *Diener* at 511; *Platter* at 668.

The plaintiff here cannot object to the statement of the witness on the grounds that it was inadmissible. The alleged impropriety of defendant's insurer will not render the statement inadmissible. The plaintiff has not brought forth any evidence to establish that the witness would have given a different statement had

he known the truth as to Ed Knoll's representation. Moreover, the trial court directed the jury to disregard the statement, all testimony and questions based on the statement, and any implication as to where the statement came from or who obtained it— thereby eliminating any prejudicial effect the statement may have had on the jury.

The plaintiff next asserts that the trial court erred in denying the plaintiff's motion for a mistrial due to the use of the statement obtained via the alleged impropriety. "A mistrial should be granted only where the incident is so grievous that the prejudicial effect can be removed no other way." *Brownridge v. Leslie,* 450 S.W.2d 214, 216 (Mo.1970); *Sagehorn v. Phillips Petroleum Co.,* 648 S.W.2d 647, 650 (Mo. App.1983). Moreover, whether to grant a mistrial is a matter within the sound discretion of the trial court, and appellate review of the trial court's decision is limited to verifying that the trial court has not abused its discretion. *Anderson v. Burlington Northern Railroad Co.,* 700 S.W.2d 469, 475 (Mo.App.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1974, 90 L.Ed.2d 657 (1986). The issue then is whether the statement was so prejudicial that its effect on the jury could not be removed by the court's instruction to "forget that statement." The trial court is clearly in a better position than this court to observe the effect which the statement had on the proceedings in general, and on the jury in particular. Under the circumstances, we cannot say the trial court abused its discretion and committed prejudicial error in failing to declare a mistrial.

The plaintiff asserts that the trial court erred in giving instructions 5–A, 10, 16 and 20 to the jury. Specifically, the instructions state:

### Instruction 5–A

The phrase "yield the right-of-way" as used in these instructions means a driver attempting to make a left turn into a driveway is required to yield when another vehicle is approaching from the opposite direction and the making of the left turn would create a traffic hazard.

### Instruction 10

You must assess a percentage of fault to plaintiff Patrick Herndon if you believe:

First, plaintiff Patrick Herndon failed to yield the right-of-way, and

Second, plaintiff Patrick Herndon was thereby negligent, and

Third, such negligence of plaintiff Patrick Herndon directly caused or directly contributed to cause any damage plaintiff Patrick Herndon may have sustained.

### Instruction 16

You must assess a percentage of fault to plaintiff Patrick Herndon on the claim of Marie Herndon if you believe:

First, plaintiff Patrick Herndon failed to yield the right-of-way, and

Second, plaintiff Patrick Herndon was thereby negligent, and

Third, such negligence of plaintiff Patrick Herndon directly caused or directly contributed to cause any damage plaintiff Marie Herndon may have sustained.

### Instruction 20

Your verdict must be for defendant Winton Albert and you must assess a percentage of fault to plaintiff Patrick Herndon if you believe:

First, plaintiff Patrick Herndon failed to yield the right-of-way, and

Second, plaintiff Patrick Herndon was thereby negligent, and

Third, as a direct result of such negligence defendant Winton Albert sustained damage.

The plaintiff's position is that there was insufficient evidence to support the giving of these instructions, and that they misled and confused the jury.

"Instructions to a jury must be supported by evidence from which the jury could reasonably determine the issues submitted in the instructions." *Hopkins v. Goose Creek Land Co., Inc.,* 673 S.W.2d 465, 467 (Mo.App.1984); *Baker v. Brinker,*

585 S.W.2d 256, 258 (Mo.App.1979). When the court is to determine the propriety of an instruction, the evidence is to be viewed in the light most favorable to the submission of the instruction. Moreover, "a party is entitled to an instruction upon any theory supported by the evidence." *Hopkins* at 467; *City v. Boys' Club of Greater Kansas City*, 552 S.W.2d 327, 333 (Mo.App. 1977). Here the evidence is sufficient, when viewed in the light most favorable to the submission, to support the giving of all four contested instructions. Defendant Albert testified that he did not swerve from his lane, and that the plaintiff's car turned into defendant Albert's lane and collided with defendant Albert's car. Accordingly, the position of the vehicles after the accident, when viewed in the light most favorable to the giving of the instructions, support their submission. One witness testified that the plaintiff's car, which had been eastbound was, after the accident, coming into the westbound lane. The testimony of a police officer, who arrived at the scene shortly after the accident, stated that the plaintiff's vehicle was located *in the middle of* the westbound lane and was *making contact* with defendant Albert's vehicle. Since there was sufficient probative evidence upon which the jury could find for the defendants, the giving of instructions 5–A, 10, 16 and 20 was proper.

The defendants' request for damages for a frivolous appeal pursuant to Rule 84.19 is denied.

The judgment of the circuit court is affirmed.

REINHARD and CRIST, JJ., concur.