Richmond COBURN, et al., Plaintiffs–Respondents,

v.

LEON INDUSTRIES, INC., Defendant–Appellant.

No. 54143.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1989.

Stefan J. Glynias, Thomas K. Lammert, Jr., Adrian Philipp Susler, St. Louis, for defendant-appellant.

Coburn, Croft & Putzell, Timothy Edward Hayes, Charles Wayne Primm, St. Louis, for plaintiffs-respondents.

CRANDALL, Presiding Judge.

Defendant, Leon Industries, Inc. (Leon), appeals from a judgment after a jury trial of $30,000 in favor of plaintiff, Richmond C. Coburn, et al., a law firm, for legal services rendered to Leon. We affirm.

In its first point, Leon alleges that the trial court erred in overruling its motion for directed verdict at the close of all the evidence. On appeal, Leon alleges that plaintiff did not make a submissible case under a quantum meruit theory because there was insufficient evidence about the request and receipt of the disputed legal services.

At trial, the basis of Leon's motion for directed verdict was that plaintiff didn't make a submissible case for an *action on account*. A review of Leon's post-trial motions establishes that the motion for new trial alleged that the court erred in *giving an instruction* on quantum meruit and the motion for judgment notwithstanding the verdict alleged that plaintiff failed to establish a case because plaintiff did not prove Leon accepted the legal services.

The point on appeal does not correspond to the allegations of error either in Leon's

motions for directed verdict or in its post-trial motions. As such, the point is not preserved for appellate review. *See Sab Harmon Indus., Inc. v. All State Bldg. Sys.*, 733 S.W.2d 476, 487 (Mo.App.1987).

■ Even assuming that the point was preserved for our review, it is without merit. Leon is merely attempting to reargue facts which the jury has determined to be adverse to Leon's position. Viewing the evidence and the reasonable inferences therefrom in the light most favorable to the plaintiff, *Culver–Stockton College v. Missouri Power and Light Co.*, 690 S.W.2d 168, 170 (Mo.App.1985), there was sufficient evidence that plaintiff performed a valuable service at Leon's request and/or approval for which Leon should pay reasonable and just compensation to plaintiff. *See General Aggregate Corp. v. LaBrayere*, 666 S.W.2d 901, 909 (Mo.App.1984). Plaintiff made a submissible case under a quantum meruit theory. Leon's first point is denied.

In its second point, Leon contends that the trial court erred in failing to direct a verdict on at least part of plaintiff's claim based upon the statute of limitations. The petition was filed on February 23, 1987 for legal services rendered by plaintiff to Leon from June 27, 1980 through November 11, 1983. There is a five year statute of limitations governing such actions. Section 516.-120, RSMo (1986). Leon argues that any recovery based upon legal services rendered prior to February 23, 1982 is barred.

■ Plaintiff urges this court to adopt the view that Leon's failure to submit a jury instruction on the affirmative defense of the statute of limitations constitutes an abandonment of that defense. *See Hopkins v. Goose Creek Land Co., Inc.*, 673 S.W.2d 465, 469 (Mo.App.1984); *Yeager v. Wittels*, 517 S.W.2d 457, 465–66 (Mo.App. 1974).

The cases cited by plaintiff, however, are not dispositive. Here, plaintiff's own evidence indicated that there was a question as to whether it was barred by the applicable statute of limitations. The trial court found, however, that plaintiff's representation of Leon constituted "one running account so as to take it out from under the operation of any statute of limitations." Under those circumstances, Leon was entitled to stand on its motion for directed verdict and not to offer an instruction to preserve its claim of error.

■ Turning then to the point on appeal, Leon's argument that plaintiff's action was barred, in part, by the statute of limitations is without merit. Whether there was a running account or a series of separate transactions was a question of fact for the trier of fact. Here, the attorney who rendered the services to Leon testified that his representation of Leon encompassed matters of a general corporate nature and frequently involved the financial aspects of the corporation. He stated that, although he was not general counsel to the corporation, he considered his account with Leon to be an open account. His representation of Leon was long-term and he kept accurate records of the time spent on matters for Leon throughout the course of that representation. Leon offered no evidence to refute the attorney's testimony. There was sufficient evidence for the fact finder to conclude that plaintiff's representation of Leon was continuous. The trial court properly denied Leon's motion for directed verdict. Leon's second point is denied.

The judgment is affirmed.

CRIST and KAROHL, JJ., concur.