**Joy Renee HAWKINS, Appellant,**

v.

**Charles Daniel COMPO, Respondent.**

**No. WD 40941.**

Missouri Court of Appeals,
Western District.

Oct. 17, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

H. William McIntosh, Kansas City, for appellant.

R. Scott Smith, Kansas City, for respondent.

Before GAITAN, P.J., and
MANFORD and ULRICH, JJ.

GAITAN, Presiding Judge.

Plaintiff, Joy Renee Hawkins, appeals from a verdict in favor of defendant, Charles Daniel Compo. The plaintiff contends that the trial court erred in: (1) failing to sustain plaintiff's motion for mistrial

after the court admonished the plaintiff's counsel in the presence of the jury; (2) restricting the scope of cross-examination of defendant's expert witness; and (3) failing to sustain the plaintiff's motion for directed verdict. Judgment affirmed.

On September 14, 1985, plaintiff Hawkins was a passenger in a vehicle operated by her husband. At the intersection of Southwest Boulevard and Valentine, Mr. Hawkins brought his automobile to a complete stop behind two other vehicles. Defendant Compo's stalled car was closest to the intersection. The defendant had raised the hood of his automobile, however, conflicting testimony was presented at trial as to whether the emergency lights on defendant's vehicle were operating. A fourth automobile collided with the rear of the Hawkins' car, forcing it into the rear of the automobile directly in front. At the scene of the accident, plaintiff complained to a witness of neck pain. However, the traffic officer at the scene of the accident reported no injuries.

Following the accident, plaintiff was diagnosed as suffering from subluxation of the first and second cervical vertebra. After several months of treatment, the plaintiff underwent surgery for wire fixation and fusion of the $C_1$ and $C_2$ vertebra.

Plaintiff brought suit against defendant alleging that his negligence was the proximate cause of the accident and her cervical injury. The case was tried before a jury which returned a verdict for the defendant. Following the verdict, plaintiff timely filed a motion for new trial, which was overruled by the trial court. This appeal ensued.

I.

In her first point, plaintiff contends that the trial court erred in failing to sustain plaintiff's motion for mistrial after the court admonished the plaintiff's counsel in the presence of the jury. The allegation revolves around the cross-examination of defendant's expert witness, Doctor Ernest Neighbor. During the cross-examination, plaintiff's counsel, Mr. William McIntosh, questioned the doctor regarding the approximate percentage of times he had testi-

fied for defendants as opposed to plaintiffs. The doctor testified that about sixty percent of his testimony was for defendants. Mr. McIntosh argued that the records indicated that the true figure was ninety percent, and began to impeach Doctor Neighbor by going through fifty-four cases, since 1982, in which jury verdict services listed the doctor as an expert witness.

Defendant's counsel, Mr. Scott Smith, objected to Mr. McIntosh's line of questioning into collateral matters. A bench conference followed at which time counsel began to argue between themselves. The court recessed the jury and held proceedings out of their presence.

During these proceedings, Doctor Neighbor stated that he interpreted the question to include all medical/legal cases he reviewed. Finding that the witness answered Mr. McIntosh's original question in a forthright manner, the court asked plaintiff's counsel to provide a compelling reason as to the necessity of surveying the previous fifty-four cases. The following discussion took place:

Mr. McIntosh: Well, if he will answer my question honestly as to the—

The Court: Now, let's avoid use of words honest and dishonest.

Mr. McIntosh: All right.

The Court: We have had a discussion about that. I have asked him to do the best he can. I am expecting him to do that. He has raised his right [hand] and sworn to tell the truth so we will anticipate that he honors that solemn oath. Now, let's go on with the compelling reason why we should get into 54 cases that he has testified in since 1982 so as to show a difference in percentages from 60 to 90 percent.

The proceedings continued, during which the court stated it would "be willing to cut a wide swath when it comes to cross-examination," but that plaintiff's counsel would not be allowed to go through the doctor's case-by-case testimony. After further discussion, all parties involved concurred on an appropriate question to be asked the doctor by Mr. McIntosh. The jury was reconvened.

After Mr. McIntosh asked the agreed upon question, the incident on which plaintiff's contention is based occurred as follows:

Mr. McIntosh: Isn't it true, Doctor, that you are hired by defense lawyers because they know that you will say what they want you to say when you get to trial?

Mr. Smith: Your Honor, I will object to that, and I think that that is totally improper.

The Court: Objection sustained. And, Mr. McIntosh, I am not happy with that question, sir.

Mr. McIntosh: I am sorry, Your Honor.

The Court: In this court, we are going to treat people with consideration and civility. And I really do not appreciate that question.

Mr. McIntosh: All right.

(Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

Mr. McIntosh: I would like to make a record that the Court has admonished me in front of the jury, and I think I would move for a mistrial.

Mr. Smith: I will make a record if you say something like you again, I will knock the shit out of you.

The Court: Wait a minute. It is lunch time. We are going to recess for lunch.

In proceedings out of the presence of the jury, plaintiff's counsel moved for a mistrial on the grounds that the court's remarks were prejudicial.

■■■ A mistrial is the most drastic remedy for trial error and should be granted only where the incident is so grievous that the prejudicial effect can be removed no other way. *Vaughn v. Michelin Tire Corp.*, 756 S.W.2d 548, 561 (Mo.App.1988). It is within the sound discretion of the trial court to decide whether to grant a mistrial, and our review is limited to a finding of whether or not the trial court abused its discretion. *Herndon v. Albert*, 713 S.W.2d 46, 48 (Mo.App.1986).

■■ In our legal system, a judge is responsible for maintaining order and decorum in the proceedings before him. Mo. Sup.Ct.R. 2, Canon 3A(2), Code of Judicial Conduct (1989). A judge presiding at trial should maintain an impartial attitude in conduct and demeanor, and should exercise a high degree of patience and forbearance with counsel and witnesses. *Duncan v. Pinkston*, 340 S.W.2d 753, 757 (Mo.1960). However, when necessary, a judge may intervene to prevent waste of time and restrain improper conduct of counsel.

Plaintiff cites to numerous cases in which the trial judges' comments were improper. These cases are distinguishable in that the conduct or comments found improper were argumentative, humiliating, cumulative, or blatantly prejudicial. The court's remarks in the instant case are not comparable. *See Duncan v. Pinkston*, 340 S.W.2d 753 (Mo.1960); *State v. Montgomery*, 363 Mo. 459, 251 S.W.2d 654 (1952); *Harms v. Simkin*, 322 S.W.2d 930 (Mo. App.1959).

■■ The record does not indicate the degree of civility, the level of theatrics, or the attitude plaintiff's counsel exhibited leading to or at the time the alleged improper question was asked. These are trial intangibles which are not completely revealed in the record and which the trial court is best suited to judge. This Court defers to the wisdom of the trial court which was present in determining if an admonishment was in order. We find that the trial court did not go beyond the limits or bounds of judicial propriety and that the admonishment was not so egregious that it mandated a mistrial.

■■ Plaintiff contends that the fact that the court did not admonish defendant's counsel, Mr. Smith, regarding his unprofessional outburst further prejudiced plaintiff's position. The record indicates that Mr. Smith's improper comment was made at the bench and that he apologized to plaintiff's counsel and the court. Further, the record indicates that the court did admonish defense counsel at the bench. While Mr. McIntosh's co-counsel stated that the comment could be heard at coun-

sel's table, no evidence exists that any of the jurors heard the retort. The trial judge stated that he believed that the jury had not heard the comment, and that under those circumstances an admonishment before the jury was not in order. On appellate review, we are bound by the record which does not fully disclose trial atmosphere or jury sensitivity to incidents of doubtful propriety. *See State v. Montgomery*, 251 S.W.2d at 657. Under the circumstances, this Court cannot find that the trial court abused its discretion by failing to admonish defendant's counsel, before the jury, for improper comments at the bench, nor do we find it prejudicial.

■ Plaintiff contends that the trial court injected itself, sua sponte, to admonish plaintiff's counsel. We disagree. "All that is required of any objection to evidence is that the objection be sufficiently clear and definite that the court will understand the reasons for the objection." *Williams v. Bailey*, 759 S.W.2d 394, 397 (Mo.App.1988); *see also, Critcher v. Rudy Fick Inc.*, 315 S.W.2d 421, 428 (Mo.1958). Defendant's counsel objected to Mr. McIntosh's question as improper. That the basis of the objection was apparent to the trial court is abundantly clear in the record. The trial judge ruled on the objection. Whether the admonishment was necessary was within the discretion of the trial court.

■ The plaintiff further argues that, following the recess, the trial court improperly thanked the doctor for returning to testify and apologizing for the inconvenience, thereby demonstrating bias to defendant's cause and lending credibility to the doctor's testimony. The record indicates that the trial court was courteous and deferential to all the witnesses, including plaintiff herself. This Court cannot find that such conduct, general throughout the trial, created a prejudicial effect.

■ Following the recess both Mr. McIntosh and Mr. Smith apologized to the jury for any impropriety that may have occurred. At this time the court addressed the jury, referring to counsel as distinguished members of the bar who represented their clients with zeal and fervor, and

asked the jury to confine their decision to the issues, evidence, and facts. The trial judge's comments did not show that he believed or favored either side. The attorneys' apologies as well as the court's comments likely cured any prejudice, and we find no abuse of discretion in not granting a mistrial. Point denied.

## II.

Next, the plaintiff contends that the trial court erred in restricting the cross-examination of Doctor Neighbor regarding the number of times he had testified for defendants.

"The general rule is that the trial court is clothed with broad discretion on whether or not to permit cross-examination of a witness upon collateral, irrelevant matters." *Wilson Court, Inc. v. Teledyne Laars*, 747 S.W.2d 239, 241 (Mo.App.1988); *Lineberry v. Shull*, 695 S.W.2d 132, 137 (Mo.App. 1985). In *Lineberry*, analogous to the present case, the plaintiff sought to show that the medical witness for the defense only performed medical examinations for defendants. This Court held that such questioning was not related to any material occurrence involved in the suit and was therefore collateral. *Lineberry v. Shull*, 695 S.W.2d at 136.

■ As in *Lineberry*, plaintiff, in the case before us, sought to attack the credibility of Doctor Neighbor through collateral matters. We find that the trial court's limitation of the scope of plaintiff's cross-examination did not harm plaintiff and was not an abuse of discretion. Additionally, the following cross-examination was permitted.

Q. (By Mr. McIntosh) Doctor, during the recess, you have had an opportunity to examine my file, have you not?

A. Yes.

Q. And, Doctor, if I were to represent to you that my file indicates that since 1981, in the counties of Clay, Platte, Jackson, and Cass in Missouri, and Johnson and Wyandotte Counties in Kansas, plus the U.S.

District Courts in the Eastern District of Kansas and the Western District of Missouri, 54 times and that only seven of those times did you testify for plaintiff, would you disagree?

Q. No.

This may have been a less dramatic means of impeaching Doctor Neighbor, but plaintiff was allowed to demonstrate the doctor's bias and attack his credibility in the area of medical testimony for defendants. Plaintiff's second point is denied.

### III.

In plaintiff's third point, she contends that the trial court erred in overruling plaintiff's Motion for Directed Verdict at both the close of plaintiff's evidence and at the close of all the evidence.

A directed verdict is a drastic action which should only be granted if reasonable and honest persons could not differ on the disposition of the case. *Schnelting v. Coors Distributing Co. of Missouri,* 729 S.W.2d 212, 214 (Mo.App.1987). This Court must review the denial of a Motion for Directed Verdict as a question of law, and evidence and inferences therefrom are viewed in the light most favorable to the nonmoving party. *Fricke v. Valley Production Credit Ass'n,* 721 S.W.2d 747, 752 (Mo.App.1986).

Assuming that plaintiff made a submissible case, evidence at trial differed as to whether the defendant removed his vehicle as soon as feasible; whether or not defendant's automobile emergency flashers were functioning; and whether or not plaintiff's injury was a result of defendant's act or a congenital defect.

We find that issues of fact remained for the jury to decide. Thus the trial court did not err in denying plaintiff's Motions for Directed Verdict.

Defendant alleged in his brief that plaintiff failed to timely file her Motion for New Trial and her Notice of Appeal. Defendant subsequently abandoned the point during oral arguments. Therefore, the issue will not be addressed by this Court.

Judgment affirmed.

All concur.