**Mark E. McDANIELS, Plaintiff–
Appellant,**

v.

**Robert EHRHARD, Defendant–
Respondent.**

No. 63465.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 14, 1994.

James S. Collins, II, Camala C. Francis, Law Offices of James S. Collins, II, St. Louis, for appellant.

Ronnie L. White, City Counselor, Edward J. Hanlon, Deputy City Counselor, St. Louis, for respondent.

KAROHL, Judge.

Plaintiff, Mark McDaniels, appeals after a jury verdict for defendant, Police Officer Robert Ehrhard. McDaniels sued Ehrhard and others for assault; however, he appeals the verdict only as it pertains to defendant Officer Ehrhard. He alleged Ehrhard used unreasonable and excessive force against him when arresting him at the scene of an automobile accident. On appeal, McDaniels argues the trial court made prejudicial comments to his attorney, threatened and admonished the attorney, all within the jury's hearing. He contends, because of the trial court's actions, the jury was prejudiced against him. He claims the trial court abused its discretion and committed prejudicial error in failing to grant a mistrial. Affirmed.

A September 17, 1985 automobile accident precipitated the events which gave rise to this lawsuit and appeal. McDaniels' automobile struck an occupied parked automobile. After the collision, two St. Louis City police officers arrived and questioned the parties. McDaniels could not show Officer Ehrhard a driver's license or proof of automobile ownership. McDaniels and Officer Ehrhard began arguing. Subsequently, Officer Ehrhard arrested McDaniels; and it was while he was in custody that McDaniels alleges Ehrhard used excessive force.

McDaniels alleges the trial court made unfair and biased comments on numerous occasions which alienated him from the jury. Specifically, during the questioning of one witness by McDaniels' attorney, the court made two comments aimed at hurrying along the trial. The court said, "Okay, let's conclude this," and also "Let's conclude your thoughts." While questioning Officer Ehrhard, McDaniels' attorney was similarly prodded when the court said, "Let's beat this dog to death and go on to something else," and "Sustained. We're not going to hear anymore about cursing." Finally, during questioning of another witness, the court made three additional comments: "He's leading him but let's get this over with," "Go ahead and get it over with," and "Let's go."

McDaniels' attorney and the court later engaged in the following dialogue at a sidebar:

[Plaintiff's Attorney]: The Court is constantly saying to me—

The Court: You're constantly leading this witness. I am the judge in this court room. Do you want to be cited for contempt of court? You don't talk back to me.

[Plaintiff's Attorney]: Would you, please, hold your voice down.

The Court: You don't tell me what to do. Don't you ever forget that. You understand that?

[Plaintiff's Attorney]: Judge, may I make a record?

The Court: Make your record.

[Plaintiff's Attorney]: You're constantly saying let's go. Now, that's not leading. I mean I was going to ask my next question. You said "let's go."

The Court: Okay, ask your questions. Don't ask leading questions. The question you asked was a leading question. The last question I sustained the objection to was a leading question, you gave him the answer, and all he did—

[Plaintiff's Attorney]: Would you hold your voice down so the jury can't hear you, please?

The Court: Okay, let's go.

[Plaintiff's Attorney]: I think it's unfair that you have said out loud in this court room what you said. What you said out loud so the jury can hear it; I want a mistrial.

The Court: That will be denied.

McDaniels' attorney then made a record of his motion for mistrial outside the hearing of the jury. He noted that the courtroom was quiet, the air conditioner was not on nor were windows open. The only noises were the voices coming from the sidebar conference. McDaniels testified he heard the court's comments while seated in the courtroom. His attorney requested that should the jury return a defendant's verdict, he be able to individually question the jurors regarding the court's comments and if they heard them. The trial court denied this request, but allowed McDaniels' attorney to question the jurors together.

After the verdict for Officer Ehrhard, McDaniels' attorney did question the jurors and learned six had heard at least some of the court's comments at the sidebar conference. Each denied this impacted or influenced their verdict. The court asked the jurors, "any of you feel that anything I said was inappropriate?" None responded positively. A few moments later, one juror stated to the court that he heard the comments, "but I just thought that's the way it should be in court, it's your court." The court replied, "That's not the way it happens, this is highly unusual.... I owed the lawyer and his client an opportunity to do so (question the jurors) because it was something that very seldom occurs to get so heated between the lawyers and the judge. But what you heard had nothing to do with your deciding this case?" The juror answered, "Nothing whatsoever."

McDaniels' one point on appeal argues the trial court's comments, all within the hearing of the jury, denied him a fair and impartial jury. Therefore, the trial court's failure to grant a mistrial constituted reversible, prejudicial error and an abuse of discretion.

■ The decision of whether or not to grant a mistrial rests within the sound discretion of the trial court. *Pierce v. Platte–*

*Clay Electric Cooperative, Inc.,* 769 S.W.2d 769, 778 (Mo. banc 1989). Unless the trial court manifestly abused its discretion, we will not interfere with or reverse its decision. *Id.* Because mistrials are the most drastic remedy for trial error, they are reserved only for situations in which the error is so grievous that the prejudice cannot be removed any other way. *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 208 (Mo. banc 1991).

■ A trial judge should always remain impartial and exercise a high amount of both patience and forbearance with trial counsel. *Duncan v. Pinkston,* 340 S.W.2d 753, 757 (Mo.1960), *Hawkins v. Compo,* 781 S.W.2d 128, 131 (Mo.App.1989). Nevertheless, when it is necessary, a trial judge may step in to stop unnecessary waste of time or to restrain improper conduct on the part of counsel. *Id.*

■ The trial court's comments about which plaintiff complains fit into two categories. The first category consists of the comments aimed at hurrying the trial along. Although the trial court could have cured the problem outside of the hearing of the jury, none of the comments warrants such a drastic remedy as a mistrial.

■ The other category consists of the court's comments made at the sidebar conference. Many intangibles occur at trial which may not be apparent simply from reading the record. *Hawkins v. Compo,* 781 S.W.2d at 131. Nevertheless, we cannot detect from the record any lack of respect or civility on the part of plaintiff's attorney which should have provoked the court to make the comments it made. Furthermore, even if counsel had behaved in a manner that justified the trial court's lengthy, expressed displeasure, the court should not have allowed the jury to witness the reprimand. The purpose of a sidebar is to allow the attorneys and the court an opportunity to conveniently have a private conversation outside the jury's hearing without retreating to the judge's chambers. This is not accomplished when the jury can hear inflammatory remarks due to loud voices. However, the question here is proof of prejudice.

■ McDaniels' attorney twice requested the court to lower its voice. The court spoke

loud enough that McDaniels and at least six jurors heard him make statements such as: "I am the judge in this courtroom. Do you want to be cited for contempt of court? You don't talk back to me," and "You don't tell me what to do. Don't you ever forget that, you understand that?" However, these jurors all denied the court's comments impacted or influenced their deliberations or verdict in any way. The record will not support a finding of prejudice.

Accordingly, we must affirm.

SIMON, P.J., and PUDLOWSKI, J., concur.