Dorothy R. WARDLOW, Appellant,

v.

Jack R. DENNY, Executor of the Estate
of Fred A. Roeder, Jr., Deceased,
Respondent.

No. KCD 30182.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Thomas D. Kelley, Jim R. Petrie, Kansas City, for appellant.

Kenneth E. Bigus, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from judgment denying claim for child support payments against decedent's estate. Affirmed.

Appellant and decedent, Fred A. Roeder, Jr., were the adoptive parents of Steven Roeder, born November 26, 1952. They were divorced September 9, 1959 and the decree ordered decedent to pay the sum of $200.00 per month until the minor child reached his majority.

Fred A. Roeder, Jr. died and on May 13, 1975, appellant filed a claim against his estate in the Probate Court of Jackson County, Missouri for child support in the sum of $18,400.00.

The probate court allowed the claim. The executor filed an appeal to the circuit court and a hearing was held. The circuit court, under date of April 5, 1978, denied appellant's claim and from that judgment this appeal followed.

Appellant raises the following:

"The trial court erred in denying plaintiff-appellant recovery of the amount expended in support of the minor child from the date ten years after the date of the divorce decree to the date the minor child became emancipated."

This matter rests upon the interpretation of § 516.350, RSMo 1969 and its applicability to child support payments. The statute reads as follows:

"516.350. JUDGMENTS PRESUMED TO BE PAID, WHEN—PRESUMPTION, HOW REBUTTED Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of

the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

The chronology of the facts of this case appear as follows:

(1) Appellant and decedent were married in July of 1950.

(2) Steven Roeder was born November 26, 1952 and is the adopted son of appellant and decedent.

(3) Appellant and decedent were divorced September 9, 1959.

(4) Under an amended decree of divorce (October 6, 1959), decedent was ordered to pay the sum of $200.00 per month as child support until the minor son reached the age of 21 years.

(5) In April of 1966, appellant received from decedent a check for $30.00.

(6) The minor son entered the Marine Corps on January 4, 1971 and was discharged June 6, 1973.

(7) The minor son was married April 27, 1971 and divorced July 6, 1973.

(8) The minor son became 21 years of age November 26, 1973.

(9) Decedent's death occurred (no evidence of record as to the actual date of death).

(10) On May 15, 1975, appellant filed a claim for $18,400.00 in decedent's estate ($200.00 per month from April, 1966 to November, 1973).

(11) Probate court allowed appellant's claim on April 15, 1976.

(12) After appeal and hearing, the trial court denied the claim.

Appellant contends § 516.350, RSMo 1969 is not applicable herein upon the basis of receipt of payment of $30.00 in April, 1966 and upon the concept that the application of § 516.350, RSMo 1969 to child support payments is against public policy.

As to the matter of the payment of the $30.00 in April, 1966, we find the appellant has failed to sustain her burden of proof to establish that this payment was made as a payment on the judgment as distinguished from a gift. A contrary finding would, of course, have tolled the running of the statute as to the ten year limitation and retained in appellant a viable claim against decedent's estate.

This case falls directly within the rule of *Peterson v. Peterson*, 273 S.W.2d 239 (Mo. 1954). In that case, our Supreme Court declared:

"Plaintiff in this case is relying on payments to avoid the statute of limitations. The burden of proof is therefore on plaintiff because the judgment is more than 10 years old with no credit entered thereon

. . .

"Plaintiff also has the burden of showing that the $100 was a payment on the judgment and not a gift; that it was intended as payment and accepted as such . . ."

See also 54 C.J.S. Limitations of Actions § 322, p. 425.

Upon failure of appellant to sustain her burden of proof, it becomes unnecessary to take up and consider remaining issues raised by the parties herein.

The legislature, in enacting § 516.350, RSMo 1969, set forth with specific clarity the intent of the limitations on judgments. It does not fall within the province of the court to apply a different intent than that expressed, or to engage in the extension or enlargement of that intent.

Judgment affirmed.

All concur.