**Carroll LOMAX, et al., Appellants,**

**v.**

**Minnie SEWELL, et al., Respondents.**

**No. WD 55994.**

Missouri Court of Appeals,
Western District.

July 13, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Martin M. Meyers, Kansas City, for Appellants.

David A. Yarger, Versailles, for Respondent Sewell.

Before: EDWIN H. SMITH, P.J., and HANNA and SPINDEN, JJ.

EDWIN H. SMITH, Presiding Judge.

Carroll Lomax and Ralph Allen appeal from the judgment of the Circuit Court of Miller County for the respondents, Minnie Sewell, Jerry Strossner, Raymond Dusenberry, and Russell Welsh, in the appellants' will contest action challenging the validity of the last will and testament of George A. Welsh. In entering judgment for the respondents affirming the will, the trial court set aside the jury's verdict for the appellants in which it found that the will that was admitted to probate was not the last will and testament of the testator. In support of their will contest action, the appellants alleged in their petition that the admitted will was not the last will and testament of the testator because: (1) it was not duly executed; (2) the testator lacked the necessary testamentary capaci-

ty to execute it; and (3) its execution was the result of undue influence by Sewell.

The appellants raise six points on appeal. In Points I, II, IV, V, and VI, they claim that the trial court erred in granting the respondents' motion for JNOV on the grounds stated in its judgment entry that: (1) "there was insufficient evidence to make a submissible case on undue influence"; (2) "[t]here was insufficient evidence of lack of testamentary capacity in 1988 when the decedent made the Will in question"; (3) the statute of limitations for filing a will contest pursuant to § 473.083 [1] had run; and (4) "[t]he verdict is against the weight of the credible evidence...." In Point III, they claim that the trial court erred in denying their motion for a directed verdict at the close of the respondents' evidence, wherein they alleged that: (1) the purported will was not duly executed; and (2) the testator lacked the necessary testamentary capacity to make the will.

We affirm.

### *Factual Background*

On May 16, 1979, the testator made a will leaving his entire estate to his brother, Edmund Welsh, and, if he should predecease him, then leaving a shotgun to Russell Welsh, a cousin; an oil painting to a museum, and the remainder and residue of his estate in equal shares to his cousins, Russell Welsh, Elmer Welsh, Jerry Welsh, Georgia Potter, and Collis Bosworth, Jr.; and his housekeeper, Sewell.

Sometime between August 18 and 25, 1988, Dusenberry, a friend of the testator's, drove him and Sewell to a local funeral home in order for him to prearrange his funeral. After leaving the funeral home, Sewell had a discussion with the testator about "taking care" of his will. He had decided to have John Curran, a local attorney who had previously done work for the Welsh family, draft a new will. After arriving at Curran's office, Dusenberry sat in the waiting room while the

testator and Sewell met with Curran in private. Curran discussed with the testator what he desired in the new will, after which Curran instructed him to return to his office on August 25, 1988, to execute the will.

On August 25, Sewell drove the testator to Curran's office to sign the will and was present when he signed it. In the will, the testator left an oil painting to Russell Welsh, a 1973 Buick to Strossner, a second 1973 Buick to Dusenberry, and the remainder and residue of his estate to Sewell. In the will, he nominated Strossner as the personal representative of his estate.

### *Procedural History*

The testator died on April 21, 1994. On May 4, 1994, the 1988 will was admitted to probate in the Circuit Court of Miller County. An application for letters testamentary was filed, which listed only the names and addresses of the devisees under the will. The first publication of notice of the granting of letters was on May 12, 1994. On March 6, 1995, prior to the closing of the estate, Bosworth, the testator's second cousin, filed a petition to contest the will, alleging lack of testamentary capacity, lack of due execution, and undue influence over the testator by Sewell. Because no other wills had been offered for probate, he requested that the testator's estate be distributed according to the intestacy laws of Missouri. Subsequently, the appellants, Lomax, a second cousin, and Allen, a third cousin, were allowed to intervene in the will contest action. They acknowledged in their pleadings that more than six months had passed since the first publication of notice of the granting of letters testamentary, but denied receiving notice of the administration of the estate.

The respondents moved to dismiss the will contest because it had not been brought within six months of the first publication of notice of the granting of letters

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

testamentary, as required by § 473.083.1. The motion was sustained. Bosworth and the appellants appealed to the Missouri Supreme Court. The issue before the court was whether, under the circumstances presented, actual notice of the opening of the estate was required as to Bosworth and the appellants in order to trigger the statute of limitations and preclude their will contest action under § 473.083. In *Bosworth v. Sewell,* 918 S.W.2d 773 (Mo. *banc* 1996), the court held that actual notice was required. *Id.* at 774. The court further held that, because Bosworth did not plead this exception to the running of the statute of limitations, his claim was properly dismissed by the trial court as being time barred. *Id.* at 778. However, because the appellants had pled the exception, the court held the trial court did err in dismissing their petition and remanded the case for further proceedings as to them. *Id.* On remand, the case proceeded to jury trial on February 4, 1998. At the close of the respondents' evidence on the issues of due execution of the will and the testator's testamentary capacity to make the will, which they, as the will proponents, had the burden to establish, the appellants moved for a directed verdict, which was overruled by the court.

Lomax testified at trial that he learned about the existence of the testator's 1988 will about six to eight weeks after the testator's death on April 21, 1994. He also testified that he believed that Bosworth had already filed the will contest when he learned about the will. However, he never testified as to the date when he learned of the opening of the testator's estate. When asked if Allen found out about the 1988 will at the same time that he had, he said that he presumed so, but that he had not talked to him about it. Allen testified that he did not know that something may have been wrong with the way the testator's will was handled until ten or eleven months after the testator's death. He never testified as to the date when he learned of the opening of the estate.

Although the respondents pled the affirmative defense of the running of the statute of limitations, § 473.083, and that the appellants' will contest was therefore barred, they did not request a jury instruction on this issue. Likewise, the appellants, who claimed that they avoided the running of the statute of limitations via the *Bosworth* exception, did not request a jury instruction on this issue.

On February 6, 1998, the jury returned its verdict, finding that the 1988 will admitted to probate was not the testator's last will and testament. On February 25, 1998, the trial court entered judgment accordingly. On March 3, 1998, the respondents filed a motion for JNOV or, in the alternative, for a new trial. On May 18, 1998, the trial court sustained the respondents' motion for JNOV finding that:

(a) That there was insufficient evidence to make a submissible case on undue influence and/or

(b) There was insufficient evidence of lack of testamentary capacity in 1988 when the decedent made the Will in question and/or

(c) One of the contestants of the Will admitted he had actual notice of the Will within 2 months after it was filed and/or

(d) The verdict is against the weight of the credible evidence herein.

This appeal follows.

### I.

Logically, we must first address the appellants' claim in their Point V, that the trial court erred in granting the respondents' motion for JNOV for the stated reason that the statute of limitations for contesting a will, § 473.083, had run, precluding their will contest action. This is so in that, if we find that the trial court was correct in entering JNOV for the respondents on this basis, we must affirm its decision and need not address the issues raised in the appellants' remaining points on appeal.

As stated, *supra*, in response to the appellants' will contest action, the respondents pled the affirmative defense of the running of the applicable statute of limitations, § 473.083,[2] and filed a motion to dismiss the appellants' petition on that basis. The trial court sustained the respondents' motion and dismissed the petition, which was later reinstated by the Missouri Supreme Court's decision in *Bosworth*. The holding in *Bosworth* did not resolve the issue of whether the statute of limitations did, in fact, bar the appellants' will contest action. Rather, it established only that their petition could not be dismissed inasmuch as they had pled an exception to the statute, as recognized by the court in its holding.

Addressing the issue of the running of the statute of limitations at trial, the court found that because one of the appellants, Lomax, "admitted he had actual notice of the Will within 2 months after it was filed," the time limitation for contesting the will had run such that their will contest was barred.[3] The appellants contend that the running of the statute of limitations hinged on a factual question which the jury was required to decide, and because the respondents, who had the burden of proving the running of the statute of limitations, failed to request a jury instruction on their affirmative defense, they had abandoned it

such that the trial court could not grant their motion for JNOV on that basis. The respondents, for their part, contend that the running of the statute of limitations did not turn on a question of fact for the jury to decide because the appellants had admitted its running in their pleadings and had failed to establish an exception to it so as to avoid their will contest action being barred thereby.

■■■ "A statute of limitations allows the cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time." *Fueston v. Burns and McDonnell Eng'g Co.*, 877 S.W.2d 631, 633 n. 3 (Mo.App.1994). The running of the applicable statute of limitations is an affirmative defense and must be pleaded as such pursuant to Rule 55.08.[4] *City of Ellisville v. Lohman*, 972 S.W.2d 527, 530 (Mo.App.1998). The party asserting the affirmative defense of the running of the applicable statute of limitations has the burden of not only pleading but proving it. *Judy v. Arkansas Log Homes, Inc.*, 923 S.W.2d 409, 419 (Mo.App.1996). Normally, the running of the statute is a question of law for the court to decide. *Harris–Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo.App.1998). However, when contradictory or different conclusions may be drawn from the evidence as to whether the

---

2. Section 473.083 states, in pertinent part:

 1. Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding. An heir, devisee, trustee or trust beneficiary under another purported will of the same decedent, and a person who has acquired, before or after the death of the testator, all or part of the interest of such heir or devisee by purchase, gift, devise, intestate succession, mortgage or lien, is

interested in the probate of a will for purposes of this section.

3. We fail to see how Lomax's actual notice of the administration of the testator's estate prior to the statutory bar would have affected Allen's ability to pursue the will contest such that the trial court could properly grant the respondents' motion for JNOV as to Allen on this basis.

4. All rule references are to the Missouri Rules of Civil Procedure, unless otherwise indicated. Rule 55.08 provides, in pertinent part:

 In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances. . . . A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance.

statute of limitations has run, it is a question of fact for the jury to decide. *Ray v. Upjohn Co.*, 851 S.W.2d 646, 650–51 (Mo. App.1993); *Hogan v. Armstrong World Indus.*, 840 S.W.2d 230, 235 (Mo.App. 1992); *Hopkins v. Goose Creek Land Co.*, 673 S.W.2d 465, 469 (Mo.App.1984).

■■■ Where the opposing party admits the running of the statute of limitations, there is no question of fact on this issue for the jury to decide requiring an instruction thereon. *See Westerhold v. Mullenix Corp.*, 777 S.W.2d 257, 266 (Mo.App.1989) (holding that "[w]hen a fact material to a party's case is conceded or undisputed, its inclusion under a[ ] ... jury instruction is not mandatory"). A judicial admission occurs when a party waives or dispenses with the production of evidence and concedes for litigation purposes that a certain proposition is true. *Allen v. Watson*, 935 S.W.2d 322, 327 (Mo.App.1996) (*citing Wild v. Consolidated Aluminum Corp.*, 752 S.W.2d 335, 338 (Mo.App.1988)). However, when the running of the applicable statute of limitations is not admitted and turns on a jury question, a jury instruction is required and the failure of the party relying on the defense to request an instruction on the same constitutes an abandonment thereof, even though it was properly pled. *Hogan*, 840 S.W.2d at 235; *Hopkins*, 673 S.W.2d at 469.

■■ The record here reveals that the appellants admitted in their petition that the first publication of notice of the granting of letters testamentary was on May 12, 1994, and that their will contest was not filed until March 6, 1995. As such, they admitted that more than six months had elapsed since the first publication of notice of the granting of letters such that their will contest action was barred by the running of the statute of limitations found in § 473.083. Thus, there was no factual issue for the jury requiring an instruction thereon which would have resulted in a waiver of the defense by reason of the respondents' failure to request such an instruction. *Hogan*, 840 S.W.2d at 235; *Hopkins*,

673 S.W.2d at 469. However, the appellants, relying on *Bosworth*, maintain that even if the affirmative defense of the running of the statute of limitations was not waived by the respondents by their failing to request an instruction thereon, they successfully avoided the statutory bar of the statute by reason of a pleaded exception thereto. We disagree.

■■ In order for the appellants to avail themselves of the *Bosworth* exception to the statute of limitations, the court held that they were required to and did specifically plead it. *Id.* at 777–78; *see also Angoff v. Mersman*, 917 S.W.2d 207, 211 (Mo.App.1996) (holding that "[t]o avoid an affirmative defense ... a plaintiff must plead specifically matters of affirmative avoidance" pursuant to Rule 55.08). The failure to so plead results in the waiver of the exception or avoidance, subjecting the party relying on the exception to the statutory bar of § 473.083. *Angoff*, 917 S.W.2d at 211. In this case, because there is no dispute that the appellants pled the *Bosworth* exception to the affirmative defense raised by the respondents of the running of the statute of limitations, § 473.083, there was no waiver of the exception for a failure to plead. Thus, the question is whether it was otherwise waived or abandoned.

■■ A party attempting to avoid the running of a statute of limitations by way of an avoidance has the burden to prove the avoidance or exception relied upon. *Klippel v. Watkins*, 667 S.W.2d 28, 30 (Mo. App.1984); *Wardlow v. Denny*, 579 S.W.2d 842, 843 (Mo.App.1979); *Smile v. Lawson*, 506 S.W.2d 400, 403 (Mo.1974). As such, where a question of fact exists for the jury to decide as to the existence of an avoidance, the party asserting it must request a jury instruction on the same; otherwise it will be deemed abandoned. *See Young ex rel. Young v. Davis*, 726 S.W.2d 836, 838 (Mo.App.1987) (holding that "theories of liability or defense pleaded and proved but not submitted are abandoned"); *Keller v.*

*International Harvester Corp.*, 648 S.W.2d 584, 590 (Mo.App.1983); *Hays v. Proctor*, 404 S.W.2d 756, 762 (Mo.App.1966) (holding that it is a party's duty to request a jury instruction submitting its defensive theory to the jury).

 The respondents, in their answer to the appellants' petition, denied the avoidance of the running of the statute of limitations asserted by the appellants. At trial, they argued that the appellants did receive actual notice of the opening of the testator's estate within six months of the first publication of notice of the granting of letters. As such, at trial, on the issue of the running of the statute of limitations, there was a question of fact for the jury to decide as to whether the appellants had received actual notice of the opening of the estate so as to avoid the running of the statute. However, the appellants failed to request a jury instruction on this issue and, as such, were deemed to have abandoned the exception they pled in order to avoid the statutory bar of § 473.083. *Young*, 726 S.W.2d at 838; *Keller*, 648 S.W.2d at 590; *Hays*, 404 S.W.2d at 762. Hence, their will contest action was time barred by the statute of limitations, and the trial court did not err in granting the respondents' motion for JNOV on that basis.

Having determined that the appellants' will contest action was precluded due to the running of the statute of limitations found in § 473.083, the appellants' other points on appeal are obviously moot and need not be addressed.

Point denied.

## Conclusion

For the reasons stated, the JNOV of the circuit court for the respondents in the appellants' will contest action is affirmed.

All concur.