Charles E. **LOMAX**, Appellant,

v.

Minnie **SEWELL**, et al., Respondents.

No. WD 58636.

Missouri Court of Appeals, Western District.

May 22, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

See also 918 S.W.2d 773, 1 S.W.3d 548.

Martin M. Meyers, Kansas City, for appellant.

David A. Yarger, Versailles, for respondent.

Before ELLIS, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Charles E. Lomax appeals the trial court's judgment granting Minnie Sewell's and Jerry P. Strossner's motions to dismiss his will contest because it failed to state a cause of action and was "barred by

the previous action herein." Before Mr. Lomax filed his petition, separate heirs at law attempted to challenge the validity of the will in question. In prior opinions by the Supreme Court and this court, each of those heirs' actions was ultimately determined to be barred by the statute of limitations because either the exception to the statute of limitations had not been properly plead, *Bosworth v. Sewell,* 918 S.W.2d 773, 778 (Mo. banc 1996), or the exception had been abandoned at trial when the heirs failed to request a jury instruction on the issue, *Lomax v. Sewell,* 1 S.W.3d 548, 554 (Mo.App.1999).

On appeal, Mr. Lomax argues that the trial court erred in dismissing his cause of action because there has been no final judgment establishing the validity of the will in question. Second, he claims that his action is not barred by the doctrine of *res judicata* because he is not in privity with the plaintiffs to the prior action. Third, he claims that § 473.083.7, RSMo 1994,[1] only prohibits a second action where there has been a "timely petition" filed. The prior petition, he argues, was judicially determined not to have been timely filed, thus this statutory provision does not apply. Finally, Mr. Lomax argues that the trial court erred because there is no legal or factual basis to impute to him his attorney's knowledge prior to the time in which the attorney-client relationship began.

**Factual and Procedural Background**

This case involves Mr. Lomax's contest of the purported will of George A. Welsh, dated August 25, 1988. A more detailed account of the facts surrounding the execution of this will can be found in *Lomax,* 1

---

1. All statutory references are to the Revised Statutes of Missouri 1994, unless otherwise noted.

S.W.3d at 550. Mr. Welsh died on April 21, 1994. The will in question was admitted to probate on May 4, 1994. An application for letters testamentary was filed May 5, 1994, listing only the names and addresses of the devisees under the will, and not listing the heirs. Statutory notice was mailed only to the devisees listed.

On December 2, 1999, Mr. Lomax filed a petition contesting the will of Mr. Welsh, naming as defendants Minnie Sewell, a beneficiary of the will; Jerry Strossner, a beneficiary of the will and personal representative of the will; the estate of Russell Welsh, a beneficiary of the will; and the estate of Raymond Dusenberry, a beneficiary of the will. Mr. Lomax alleged in his petition that he was an heir at law of George A. Welsh under § 474.010(2)(c), and thus was entitled to bring this proceeding. To avoid a defense based upon the statute of limitations, he asserted that he was not properly notified by the personal representative of the admission of the will to probate or the granting of letters testamentary and that he was "otherwise unaware of the opening of an estate."

Mr. Lomax's petition included two counts. First, he contested the validity of the entire 1998 will, claiming that it was not the last will and testament of Mr. Welsh because "it was procured by the undue influence and duress exerted upon [Mr.] Welsh by defendant Minnie Sewell, and others acting on her behalf." He also alleged that Mr. Welsh "was not of sound and disposing mind and memory" at the time this will was executed.

In his second count, Mr. Lomax contested only the residuary clause of the will, which left the remainder and residue of his estate to Ms. Sewell, claiming that it was not part of the last will and testament of Mr. Welsh. Thus, he claimed partial invalidity of the will, based upon the undue influence exerted upon Mr. Welsh by Ms.

Sewell and others acting on her behalf. He asserted that Ms. Sewell stood in a confidential relationship with Mr. Welsh, benefited substantially from the will, and was active in procuring the execution of the will.

Subsequently, Ms. Sewell and Mr. Strossner filed motions to dismiss. Mr. Strossner's motion contained only one sentence that sought dismissal of the matter "for the reason that plaintiff's Petition Contesting Will fails to state a cause of action upon which relief can be granted." No other explanation or grounds were given. Ms. Sewell asserted four grounds for dismissal. First, she argued that the same grounds and issues set forth in Mr. Lomax's petition concerning Mr. Welsh's 1998 will had been commenced and prosecuted to final judgment in the two prior actions. That judgment, she contended, established that the will in question was valid. Therefore, she argued that Mr. Lomax's cause of action was barred by the doctrine of *res judicata.* Because she asserted that Mr. Lomax was in privity with the plaintiffs in the prior action, she claimed his action was barred by the "final, unappealable judgment" in that case.

Second, she alleged that § 473.083.7, "provides that the issues of intestacy or testacy can only be tried in one in rem action, and upon final judgment thereof no further re-trials of said issues are available." This argument, too, was based on her allegation that the prior judgment established the validity of the will.

Third, she argued that since Mr. Lomax had "legal notice of the probate proceeding by reason of the knowledge of his attorney who was the same attorney in the prior action, said knowledge of probate being directly imputable to [Mr. Lomax,]" his action was barred by § 473.083.1, as it was filed after the limitations period.

Finally, she contended that while the Supreme Court's decision in *Bosworth v. Sewell*, 918 S.W.2d 773, may provide for will contests filed out of time in certain circumstances, it does not authorize successive actions contesting the same will. After hearing arguments on the motions, the trial court entered its judgment on June 2, 2000, sustaining Ms. Sewell's and Mr. Strossner's motions to dismiss. This appeal followed.

## Standard of Review

 Although both Ms. Sewell and Mr. Strossner titled their motions as motions to dismiss and the trial court ruled on them as such, Ms. Sewell referred to a prior action as a basis for her defense of *res judicata*. She also noted that the mandate issued by this court in that matter was subject to judicial notice by the trial court. While one of her grounds raised a statute of limitations issue, that ground really was couched in terms of *res judicata*, and did not technically assert the statute of limitations defense. Ms. Sewell asserted that Mr. Lomax had notice which invoked the statute of limitations defense, addressed more below, because his attorney participated in the prior action. While Ms. Sewell's motion raised several grounds for dismissal, all were dependent on her allegation that the prior action, or elements of it, precluded this action. In addressing the merits of Ms. Sewell's claim that the action was barred by *res judicata*, the trial court was required to look to the prior judgment. *See WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.*, 24 S.W.3d 1, 5 (Mo.App.2000). "*Res judicata* is an affirmative defense that is not self-proving; evidence to support the defense must be adduced." *Id.* Thus, "[u]nder Rule 55.27(a), when the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on *res judicata* or related

grounds should be treated as one for summary judgment." *Id.*

In *WEA Crestwood Plaza*, 24 S.W.3d at 5, the court noted that generally notice to the parties and an opportunity to present relevant materials are required before a trial court may treat a motion to dismiss as a motion for summary judgment. Here, as there, the record does not indicate that this occurred. The court in *WEA Crestwood Plaza*, determined, however, that "the relevant material from the underlying case was before the trial court, an evidentiary hearing was held, and the parties have not suggested any other documents were necessary to decide the question[.]" *Id.* Thus, the court determined that "it [was] appropriate for [the court] to treat the judgment as a summary judgment." *Id.* Likewise, this court will treat the judgment in this case as a summary judgment.

 This court reviews an appeal from a trial court's entry of summary judgment *de novo*, viewing "the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993); Rule 74.04. The trial court's decision will be affirmed if "there are no genuine issues of material fact and . . . the movant is entitled to judgment as a matter of law." *ITT*, 854 S.W.2d at 377. In reviewing the case, this court "need not defer to the trial court's order granting summary judgment." *Id.* at 376. To be entitled to summary judgment, the movant must "show a right to judgment flowing from facts about which there is no genuine dispute." *Id.* at 378.

## Res Judicata

In his first two points, Mr. Lomax argues that the trial court erred in dismissing his petition on the grounds that it

failed to state a cause of action and that it was barred by reason of a previous action. He claims that there has been no final judgment establishing the validity of the will. The purported challenges to the will, he contends, were rejected as untimely because the prior plaintiffs failed to establish their lack of actual notice of the pendency of the probate estate. Furthermore, Mr. Lomax argues that he is not in privity with the plaintiffs in the prior action, nor can the knowledge of his attorney, who represented those plaintiffs, be imputed to him to defeat his assertion of the exception to the statute of limitations.

■ Mr. Lomax's claims of error require that this court determine whether the will contest filed by Mr. Lomax was barred by the doctrine of *res judicata*. "The doctrine of *res judicata*, commonly referred to as claim preclusion, operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 185 (Mo.App.1999). "The doctrine of *res judicata* bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons or parties to the action; and (4) identity of the quality of the person for or against whom the claim is made." *Jordan v. Kansas City*, 929 S.W.2d 882, 886 (Mo.App.1996). To have identity of parties to the action, the party in the present action need not have been a party to the prior action, so long as the party was in privity with one of the parties to the action. *Stine v. Warford*, 18 S.W.3d 601, 605 (Mo.App.2000). "Privity, as a basis for satisfying the 'same party' requirement of *res judicata*, is premised on the proposition that the interests of the party and non-party are so closely intertwined

that the non-party can fairly be considered to have had his or her day in court." *Id.*

■ To invoke *res judicata*, however, "a final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question." *Robin Farms*, 991 S.W.2d at 185. Thus, this court must first determine whether the issue of the validity of Mr. Welsh's will was "finally adjudicated in the prior litigation." *In re Delany's Estate*, 258 S.W.2d 613, 616 (Mo.1953).

■ A review of the procedural history of the actions related to Mr. Welsh's will is necessary in making this determination. As indicated above, Mr. Welsh died on April 21, 1994. His will was admitted to probate on May 4, 1994. Notice of the probate of Mr. Welsh's will was first published on May 12, 1994. On March 6, 1995, prior to the closing of Mr. Welsh's estate, a petition contesting the validity of the will was filed by Collis Bosworth, after which Ralph E. Allen and Carroll K. Lomax (the Allen heirs) moved to intervene. *Bosworth*, 918 S.W.2d at 775. Upon a determination that the will was invalid, these heirs each stood to receive an intestate share. *Id.* The circuit court dismissed the will contest action because it was not "brought within six months of the first publication of notice of the estate's administration as required by § 473.083.1." *Id.*

Following the circuit court's judgment of dismissal, Mr. Bosworth and the Allen heirs appealed to the Missouri Supreme Court, "claiming the failure of the personal representative to provide them actual notice of the probate of the will preclude[d] the § 473.083.1 six-month statutory bar." *Id.* at 774. The Court agreed, holding that actual notice to heirs of a decedent was required under the probate code. *Id.* Thus, the Court held that the failure to give actual notice to an heir would preclude an assertion of the six-month statu-

tory bar as a defense to a will contest if the heir did not otherwise have notice of the opening of the estate. *Id.* In so holding, the Court, nonetheless, affirmed the dismissal of Mr. Bosworth's claim because he did not properly plead the exception to the statutory bar. *Id.* at 778. Unlike the Allen heirs, who pled "that in addition to not receiving statutory notice they were 'otherwise unaware of the opening of an estate[,]' " Mr. Bosworth failed to assert in his petition that he had no knowledge of the opening of the estate prior to the six-month bar. *Id.* at 777–78. Because the Allen heirs had sufficiently pled the exception, the case was remanded for further proceedings on the Allen heirs' claims. *Id.* at 778.

On February 4, 1998, the remanded case proceeded to a jury trial on the Allen heirs' allegations that the will was not the last will and testament of Mr. Welsh. *Lomax,* 1 S.W.3d at 549. Specifically, the Allen heirs alleged "(1) it was not duly executed; (2) the testator lacked the necessary testamentary capacity to execute it; and (3) its execution was the result of undue influence by [Ms.] Sewell." *Id.* at 549–50. The jury returned a verdict in favor of the Allen heirs, finding that the 1988 will was not Mr. Welsh's last will and testament. *Id.* at 551. After the trial court entered the judgment in accordance with the jury's verdict, the respondents, Minnie Sewell, Jerry Strossner, Raymond Dusenberry, and Russell Welsh, filed a motion for judgment notwithstanding the verdict or for a new trial. *Id.* Subsequently, the trial court sustained the motion for JNOV, finding:

> (a) That there was insufficient evidence to make a submissible case on undue influence and/or (b) There was insufficient evidence of lack of testamentary capacity in 1988 when the decedent made the Will in questions and/or (c) One of the contestants of the Will admit-

ted he had actual notice of the Will within 2 months after it was filed and/or (d) The verdict is against the weight of the credible evidence herein."

*Id.*

The Allen heirs appealed the trial court's judgment in favor of respondents. On appeal, they alleged that the trial court erred in granting the motion for JNOV. *Id.* at 550. Specifically, they challenged the trial court's judgment entry concerning insufficient evidence of undue influence and lack of testamentary capacity and the running of the statute of limitations. *Id.* at 550. This court affirmed the trial court's judgment, finding that the will contest action was time-barred by the statute of limitations. *Id.* at 554. Further, this court noted that "[h]aving determined that the appellants' will contest action was precluded due to the running of the statute of limitations found in § 473.083, the appellants' other points on appeal are obviously moot and need not be addressed." *Id.*

■ Having ruled upon only the issue of the running of the statute of limitations with respect to the Allen heirs, this court's decision in *Lomax* is *res judicata* as to that issue only. *See Delany's Estate,* 258 S.W.2d at 616 (stating that "where an appellate court affirms only part of a judgment, the part affirmed is *res judicata* as to fact issues specifically decided or which were necessary or proper to support the part affirmed."). This court's affirmance was a "special affirmance," resulting in a determination only of the issue of the running of the statute of limitations, and did not determine or address the validity of the will in question. *See State ex inf. McKittrick ex rel. City of Trenton v. Missouri Pub. Serv. Corp.,* 351 Mo. 961, 174 S.W.2d 871, 877 (1943). Thus, "the [judgment] of the trial court is thereby in effect 'modified,' and the judgment is *res judica-*

*ta* only as to those matters included within the judgment as 'modified.' " *Delany's Estate,* 258 S.W.2d at 616 (quoting *McKittrick,* 174 S.W.2d at 875–77)).

 The dismissal of an action based upon the running "of the statute of limitations is a final adjudication on the merits for purposes of *res judicata* [.]" *Jordan,* 929 S.W.2d at 886. In a will contest, however, the issue of whether the action is barred by the statute of limitation is unique to the particular heir in question. This fact is evident in the Supreme Court's decision in *Bosworth,* 918 S.W.2d at 777–78. There, the Court found that one heir's claim was barred for failing to plead the exception since he did not allege that he had no knowledge of the proceedings prior to the six-month bar. *Id.* The other heirs, who properly pled the exception, were not affected by the Court's determination that Mr. Bosworth's action was barred. *Id.*

Therefore, this court's decision in *Lomax* operates only to preclude the Allen heirs from bringing another action, and it does not operate to preclude the will contest asserted here. This holding is not at odds with the "peculiar nature of a will contest" which was noted in *Anderson v. Wittmeyer,* 834 S.W.2d 780, 784 (Mo.App. 1992), a case cited by Ms. Sewell. In *Anderson,* this court stated that "[b]ecause of its *in rem* identity, the parties to a will contest are of minor importance," as the purpose of such a proceeding is 'to determine whether there is a will or not ... [the court] having regularly acquired jurisdiction ... will, regardless of the parties ... review the record and render judgment thereon....' *Id.* (quoting *Clair v. Whittaker,* 557 S.W.2d 236, 238 (Mo. banc 1977)). This principle presupposes that the action was "properly instituted." *See Campbell v. St. Louis Union Trust Co.,* 346 Mo. 200, 139 S.W.2d 935, 938 (1940). That is not the case here. This court's

ruling in *Lomax,* 1 S.W.3d at 554, was, in essence, a determination that the will contest was not properly instituted since the contestants' action was barred by the statute of limitations. Thus, this court finds that there has been no final judgment to determine the validity of Mr. Welsh's 1998 will. Having so found, Mr. Lomax's action to challenge the validity of the will is not barred by *res judicata,* ·nor can Mr. Lomax's action be considered a successive action contesting the same will, as alleged in Ms. Sewell's motion to dismiss.

### Section 473.083.7

 Likewise, Mr. Lomax's action is not barred, as Ms. Sewell alleges, by § 473.083.7. Section 473.083.7 discusses the finality of will contests:

> If a timely petition is filed, it and the answer or answers thereto shall frame the issues of intestacy or testacy or which writing or writings constitute the decedent's will. The issues shall be tried by a jury, or if no party requires a jury, by the court, and the judgment thereon shall determine the issues. The verdict of jury or the finding and judgment of the court is final, saving to the court the right of granting a new trial and to the parties the right of appeal as in other cases.

The statute recognizes that there must be a timely petition before the statute takes effect. Here, there has been no prior timely petition. In both *Bosworth,* 918 S.W.2d at 778, and *Lomax,* 1 S.W.3d at 554, the petitions were found to be untimely filed and, therefore, the claims were barred by the statute of limitations. In addition, there has been no determination of the issue of the validity of the will in this case, as contemplated by § 473.083.7. While the original judgment of the trial court in *Lomax,* 1 S.W.3d at 551, determined there was insufficient evidence of

undue influence and lack of testamentary capacity in addition to the question of the running of the statute of limitations, the decision by this court modified that judgment. *See Delany's Estate,* 258 S.W.2d at 616. The result was a determination and judgment only on the issue of the running of the statute of limitations. *See id.* There has been no final judgment with respect to the validity of the will in question. Thus, Mr. Lomax's action is not barred by § 473.083.7.

Here, Mr. Lomax's petition properly alleged, as an exception to the statute of limitations, that he did not receive statutory notice and that he was "otherwise unaware of the opening of the estate" as required by *Bosworth,* 918 S.W.2d at 777–78. Ms. Sewell's motion to dismiss challenged his will contest based upon existence of the prior actions and judgments of this court. The only challenge Ms. Sewell made to Mr. Lomax's pleading of the exception to the statute of limitations came in the form of her allegation that Mr. Lomax's claim should be barred because the knowledge of Mr. Lomax's attorney should be imputed to him. Ms. Sewell argues that because Mr. Lomax's attorney represented the contestants in the prior action, his action is barred by his attorney's knowledge of the opening of the estate. While it is true that knowledge of the attorney can be imputed to the client based upon an agency relationship, *see Fitzgerald v. State ex rel. Adamson,* 987 S.W.2d 534, 536 (Mo.App. 1999), Ms. Sewell has provided no legal basis or reasonable argument for imputing knowledge received prior to the creation of the agency relationship between Mr. Lomax and his attorney.

Having found that Mr. Lomax's action was not barred by this court's decision in *Lomax* and that he properly pled the exception to the running of the statute of limitations, the decision of the trial court entering summary judgment in favor of Ms. Sewell and Mr. Strossner was in error. Ms. Sewell and Mr. Strossner did not establish that they were entitled to judgment as a matter of law. Thus, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

All concur.