**Terri STRAUB, Respondent,**

v.

**Gary TULL, Appellant.**

No. 25485.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 6, 2004.

Motion for Rehearing or Transfer Denied
Feb. 25, 2004.

Application for Transfer Denied
March 30, 2004.

Bert V. Twibell, Deanna K. Scott & Thomas D. Carver, Springfield, for Appellant.

W. Craig Hosmer & Stuart H. King, Springfield, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Gary Tull, ("Appellant"), appeals from a judgment entered against him in which his daughter, Terri Straub ("Respondent"), was awarded damages arising from his acts of childhood sexual abuse against her. In the trial below, a jury awarded Respondent $25,000.00 in actual damages and $85,000.00 in punitive damages. We affirm.

In his sole point relied on, Appellant maintains the trial court erred in overruling his motions for directed verdict at the close of Respondent's evidence and at the close of all of the evidence. Appellant also contends the trial court erred in overruling Appellant's amended motion for judgment notwithstanding the verdict, or, in the alternative, Appellant's motion for new trial based on the running of relevant statutes of limitations, as explained below.

■ "In reviewing motions for directed verdict and for judgment notwithstanding the verdict, this Court takes the evidence in the light most favorable to the verdict, giving the prevailing party all reasonable inferences from the verdict and disregarding the unfavorable evidence." *Nemani v. St. Louis University*, 33 S.W.3d 184, 185 (Mo. banc 2000). "The trial court has wide discretion in ruling upon a motion for new trial." *Enos v. Ryder Automotive Operations, Inc.*, 73 S.W.3d 784, 788 (Mo.App. 2002). "In reviewing a trial court's denial of a motion for new trial, we must indulge every reasonable inference favoring the trial court's ruling and not reverse that ruling absent a clear abuse of discretion." *Ballard v. Ballard*, 77 S.W.3d 112, 115 (Mo.App.2002) (quoting *Ashcroft v. TAD Res. Int'l*, 972 S.W.2d 502, 505 (Mo.App. 1998)).

■ We observe that a statute of limitations allows a cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time. *Lomax v. Sewell*, 1 S.W.3d 548, 552 (Mo.App. 1999). "The running of the applicable statute of limitations is an affirmative defense and must be pleaded as such pursuant to Rule 55.08." *Id.* "The party asserting the affirmative defense of the running of the applicable statute of limitations has

the burden of not only pleading but proving it." *Id.* "Although a party need not necessarily plead matters in avoidance of limitations in the first place, they must appear by way of reply to the pleading raising the defense, if not appearing on the face of the original petition." *Yahne v. Pettis County Sheriff Dept.*, 73 S.W.3d 717, 719 (Mo.App.2002) (citations omitted).

■ Normally, the running of the statute is a question of law for the trial court to decide. *Lomax*, 1 S.W.3d at 552. Such questions of law are granted *de novo* appellate review with no deference being paid to the trial court's determination of law. *State v. Williams*, 24 S.W.3d 101, 110 (Mo.App.2000); *State v. Tinoco*, 967 S.W.2d 87, 89 (Mo.App.1998).

"However, when contradictory or different conclusions may be drawn from the evidence as to whether the statute of limitations has run, it is a question of fact for the jury to decide." *Lomax*, 1 S.W.3d at 552–53.

■ "Where the opposing party admits the running of the statute of limitations, there is no question of fact on this issue for the jury to decide requiring an instruction thereon." *Id.* "However, when the running of the applicable statute of limitations is not admitted and turns on a jury question, a jury instruction is required and

the failure of the party relying on the defense to request an instruction on the same constitutes an abandonment thereof, even though it was properly pled." *Id.*

Viewing the facts in the light most favorable to the jury's verdict, *Seitz v. Lemay Bank and Trust Co.*, 959 S.W.2d 458, 461 (Mo. banc 1998), we observe that Respondent was born on February 22, 1967, to Appellant and Alice Tull (now Mondt).

On May 25, 2000, at the age of 33, Respondent filed suit against her father, Appellant herein, alleging that she had been the victim of continuing childhood sexual abuse by Appellant from approximately age seven until age seventeen, i.e., 1974 to 1984. Respondent asserted that as a consequence of being subjected to deviate sexual intercourse and sexual contact, as defined under section 566.010, RSMo 2000 as well as other inappropriate sexual conduct and contact, she suffered emotional and psychological injuries that were directly attributable to Appellant.

In her petition, Respondent specifically sought relief for battery, intentional infliction of emotional distress, negligent infliction of emotional distress, loss of consortium by her husband, Martin Straub, and "childhood sexual abuse" as set out in section 537.046, RSMo Cum.Supp.1990.[1]

In his pleadings, and at trial, Appellant raised the affirmative defense of lapse of

---

1. Section 537.046, RSMo Cum.Supp.1990, sets out in pertinent part:
    1. As used in this section, the following terms mean:
    (1) "Childhood sexual abuse", any act committed by the defendant against the plaintiff when the plaintiff was under the age of eighteen years and which act would have been a violation of section 566.030, 566.040, 566.050, 566.060, 566.070, 566.080, 566.090, 566.100, 566.110, or 566.120, RSMo, or section 568.020, RSMo;
    (2) "Injury" or "illness", either a physical injury or illness *or a psychological injury or illness*. A psychological injury or illness

need not be accompanied by physical injury or illness.
    2. In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within five years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs.
§ 537.046.1(1),(2), .2 RSMo Cum.Supp.1990 (emphasis added); *see Ridder v. Hibsch*, 94 S.W.3d 470, 472–73 (Mo.App.2003).

relevant statutes of limitations. In particular, as to Count IV, Appellant asserted that Respondent had not complied with the time limitations as set out in section 537.046, RSMo Cum.Supp.1990, because she neither filed her cause of action within five years of the date she attained the age of eighteen or within three years of the date she discovered or reasonably should have discovered that the injury or illness she suffered was caused by acts of child sexual abuse against her.

Prior to trial, Appellant filed a motion to dismiss Respondent's petition. The trial court granted the motion to dismiss "as to all counts except Count IV," involving "childhood sexual abuse," as set out in section 537.046, RSMo Cum.Supp.1990, on which the case proceeded to trial.

At trial, Respondent testified that while she had always independently remembered specific acts of sexual abuse by Appellant, she acknowledged that it was not until the "end of 1998" when she realized she might be suffering from "[psychological] injuries" and damage resulting from her prior sexual abuse. *See* § 537.046.1(2), RSMo Cum. Supp.1990.

Respondent variously testified that between the ages of seven and twelve, Appellant touched her vaginal area on "maybe 20" occasions and she further related other specific acts of sexual abuse.

On cross-examination, when asked if she had any recollection since age nine of Appellant "getting naked and laying on top of [her]," Respondent answered, "I don't know exactly what age I was." She also related that when she was older she "learned how to not walk up steps in front of him because if he was behind me on the staircase and I had my cheerleading uniform on he would grab my rear end...." [2]

In 1996, Respondent and her husband, Martin ("Marty"), began marriage counseling to develop "communication skills," but there was no discussion of her sexual abuse by her father at that time. In October 1997, Respondent sought treatment for depression from Dr. Russell Detten. Respondent maintains she made no connection between her depression and her childhood sexual abuse while being treated by Dr. Detten. Thereafter, Respondent was diagnosed with breast cancer in March 1998. Around the same time, she developed trouble eating, had anxiety attacks, was having marital and intimacy problems with Marty, and would often wake up feeling "like something was laying right on top of [her]."

Lastly, Respondent specifically related that it was "[n]ot until '98 when everything compounded did I realize there was a problem." In October of that year, she first informed her husband about her childhood sexual abuse.

Thereafter, in March 1999, she sought counseling from Ellen Richardson, a clinical psychologist. In February of 2000, Dr. Richardson diagnosed Respondent as suffering from "Post-traumatic Stress Disorder." Testifying at trial, Dr. Richardson stated the disorder was a "recognized result of childhood sexual abuse." She also opined it was her belief that Respondent's cancer diagnosis, along with Respondent's daughter being the same age Respondent was when her sexual abuse commenced, triggered the symptoms of "Post-traumatic Stress Disorder."

At the close of all the evidence, Appellant moved for a directed verdict.[3] Asked

---

2. The record reveals that Respondent was a cheerleader at Kickapoo High School during the 1981–82, 1982–83 and 1983–84 school years.

3. Since Appellant offered evidence following his motion for directed verdict at the close of Respondent's evidence following the trial court's denial of his motion, Appellant waived

by the trial court if he wanted oral argument in support of his motion, Appellant's counsel answered, "only in regards, Your Honor, to the affirmative defense and statute of limitations." The trial court then asked, "[T]ell me which evidence you believe establishes that as a matter of law." Following argument from both sides relating to Appellant's affirmative defense, the trial court observed,

> Frankly, I think the biggest reason we seem to be like ships passing in the night on this is because [section 537.046, RSMo Cum.Supp.1990] doesn't talk about the damage of the abuse itself. It talks about and defines injury as something separate from that. And so ... if I was going to say as a matter of law as a reasonable person did she know about her sexual abuse, no problem. But this is talking about a separate injury that's defined by statute that's different from the abuse itself. And I think there's nothing that I can show as a matter of law that she should have reasonably associated that back with the events that happened. And so I think your affirmative defense has failed as a matter of law.

Immediately thereafter, the trial court took up matters relating to jury instructions. While Appellant's counsel objected to Respondent's verdict director as "not includ[ing] the proper elements of the statutes regarding this particular offense," and declared "that's my objection," Appellant did not submit an affirmative defense instruction for the jury's consideration regarding the running of the statute of limitations.

The trial court then declared, "It's up to the jury to decide," and denied Appellant's motion for directed verdict at the close of all the evidence.

As previously set out, the jury returned a verdict in favor of Respondent and awarded her $25,000.00 in actual damages, and $85,000.00 in punitive damages. On January 9, 2003, an Amended Judgment in the amount of $110,000.00 plus costs was entered against Appellant. This appeal followed.

Appellant now asserts one point on appeal. He does not directly challenge the sufficiency of the evidence supporting Respondent's case. Instead, he maintains, in pertinent part, that the trial court erred in overruling his motion for directed verdict at the close of all evidence and motion for judgment notwithstanding the verdict, or, in the alternative, for new trial. He asserts that section 516.371, RSMo Cum. Supp.1989, which authorizes recovery for damages for victims of incest, contains a ten year statute of limitations, which had already passed at the time this matter was filed with the trial court.[4] He also argues that Respondent's claim for damages arising out of Appellant's alleged battery was not filed within two years of the act of sexual abuse, or her reaching the age of majority, or "upon the sustainment and ascertainment of damages," as required by sections 516.100 and 516.170, RSMo 2000. Lastly, Appellant asserts the trial court mistakenly applied the section 537.046,

---

any error in the denial of his motion for directed verdict at the close of Respondent's case. This particular facet of his claim of error will not be reviewed. *Senu-Oke v. Modern Moving Systems, Inc.*, 978 S.W.2d 426, 432 (Mo.App.1998).

**4.** Section 516.371, RSMo Cum.Supp.1989, reads as follows:

Notwithstanding any provision of law to the contrary, there shall be a ten-year statute of limitation on any action for damages for personal injury caused to an individual by a person within the third degree of affinity or consanguinity who subjects such individual to sexual contact, as defined in section 566.010, RSMo.

RSMo Cum.Supp.1990, "Discovery Rule" to acts which occurred in 1979, thereby resulting in an unconstitutional and retroactive application of the statute as proscribed by Mo. Const. art. I, § 13 (1945, amended 1976).

■ We observe that section 516.100, RSMo 2000 provides that "the cause of action shall not be deemed to accrue when the wrong is done ... *but when the damage resulting therefrom is sustained and is capable of ascertainment* ...." § 516.100 (emphasis added); *see H.R.B. v. J.L.G.,* 913 S.W.2d 92, 95 (Mo.App.1995). On the other hand, section 537.046.2, RSMo Cum.Supp.1990, now provides for "independent civil actions for damages suffered as a result of childhood sexual abuse, if the action is brought within five years of the plaintiff's *eighteenth* birthday, or 'within three years of the date the plaintiff *discovers or reasonably should have discovered* that the injury or illness was caused by child sexual abuse,' whichever is later." *H.R.B.,* 913 S.W.2d at 95 (emphasis added); § 537.046.2, RSMo Cum.Supp. 1990.

Section 537.046.1(2), RSMo Cum.Supp. 1990, defines "injury" or "illness" as either a physical injury or illness or a *psychological injury or illness.* (Emphasis added.) Rather than reiterate the "capable of ascertainment" standard set forth in section 516.100, RSMo 2000 the legislature created a new "discovers or reasonably should have discovered" standard. § 537.046.2, RSMo Cum.Supp.1990. "It is apparent that the legislature wanted to create a separate statute of limitations for incest or other sexual conduct involving close family members." *Ridder,* 94 S.W.3d at 475. "It also appears that the legislature felt this type of contact by a close family member deserved a longer statute of limitations." *Id.*

It is also important to note that "[s]ection 537.046 does not revive actions that have expired prior to its effective date of August 28, 1990, and, if a plaintiff's suit was already barred by an existing statute of limitations on that date, the defendant has obtained a vested right to be free from suit." *H.R.B.,* 913 S.W.2d at 95; *see Doe v. Roman Catholic Diocese,* 862 S.W.2d 338, 342 (Mo. banc 1993).

At trial and in this appeal, Respondent maintains that since she was born on February 22, 1967, she reached the age of twenty-one on February 22, 1988. She asserts that pursuant to section 516.140, RSMo 2000 the applicable statute of limitation for the tort of battery is two years, *J.D. v. M.F.,* 758 S.W.2d 177, 178 (Mo.App. 1988); and, with the benefit of the tolling provisions of section 516.170, RSMo 2000, Respondent correctly asserts her claim for battery would have survived until February 22, 1990; that is, two years after reaching her majority.[5] *See Ridder,* 94 S.W.3d at 472.

She also maintains section 516.371, RSMo Cum.Supp.1989, became effective on August 28, 1989, *prior to the expiration* of the limitations periods set out in sections 516.140 and 516.170, RSMo 2000. Accordingly, since section 516.371, RSMo Cum.Supp.1989, was enacted prior to the expiration of the two-year battery limitation, that provision operated to extend the statutory period for bringing Respondent's

---

**5.** Section 516.170, RSMo 2000 reads as follows:

Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

action. *K.G. v. R.T.R.*, 918 S.W.2d 795, 798 (Mo. banc 1996) ("[B]oth [sections] 516.371, RSMo Cum.Supp.1989, and 537.046, RSMo Cum.Supp.1990, were enacted before the two-year limitation period expired. Because those two statutes were enacted prior to the expiration of the two-year battery limitation, they may operate to extend the statutory period for bringing the action."); *see also Doe*, 862 S.W.2d at 341. Respondent correctly reasons that under section 516.371, RSMo Cum.Supp. 1989, her cause of action was viable until the date ten years following her claimed sexual abuse, which she testified continued into her high school years, 1981–1984. *See K.G.*, 918 S.W.2d at 798.

Accordingly, Respondent's cause of action under section 516.371, RSMo Cum. Supp.1989, was viable at least until 1992, within the ten year limitation period set out in section 516.371, RSMo Cum.Supp. 1989. During the ten-year period of time that her claim was viable under section 516.371, RSMo Cum.Supp.1989, the legislature enacted section 537.046, RSMo Cum. Supp.1990, which became effective August 28, 1990. By its express terms, the statute had the effect of extending her cause of action until three years from the date she *discovered or reasonably should have discovered* that her psychological injury or illness was caused by "childhood sexual abuse."[6] § 537.046, RSMo Cum.Supp.1990. Respondent testified at trial that it was not until the "end of 1998" when she realized she might be suffering from her injuries. She then brought her suit on May 25, 2000, well within the three year period of limitation for discovery of her "psychological injury" as set out in section 537.046, RSMo Cum Supp.1990.

Additionally, Respondent also asserts that a bar of limitation is an affirmative defense and that it was incumbent upon Appellant to show, as a matter of law, that the limitation periods he set out had run. *See Lomax*, 1 S.W.3d at 552. She points out that Appellant failed to offer or request an affirmative defense instruction on this issue. Appellant waived the factual issue of when any of the periods of limitations may have run. *See Weaver v. African Methodist Episcopal Church, Inc.*, 54 S.W.3d 575, 587 (Mo.App.2001). Although the record is equivocal as to what precise date Appellant quit sexually abusing Respondent, under the circumstances of this case, the issue was otherwise "one of fact for resolution by the jury." *Id.* Normally, this would be accompanied by an appropriate affirmative defense instruction. *Id.* Here, the jury returned a verdict in Respondent's favor.

Viewing the evidence in the light most favorable to Respondent's claim, as we must, and giving her the benefit of all reasonable inferences and disregarding inferences to the contrary, *Seitz*, 959 S.W.2d at 461, we cannot say the trial court erred or otherwise abused its discretion, in denying Appellant's motions for directed verdict at the close of all the evidence and judgment not withstanding the verdict, or alternatively a new trial. *See Weaver*, 54 S.W.3d at 587. Appellant's sole point is denied. The judgment of the trial court is affirmed.

PREWITT, J. and GARRISON, J., concur.

---

**6.** "[T]here is precedent for allowing such causes of action to be brought within another statute of limitations, section 537.046 … so long as the statutes of limitations for the tort causes of action had not expired prior to the effective date of section 537.046 …." *Ridder*, 94 S.W.3d at 471.